Grant **THORN** et al., Plaintiffs,

v.

**HARRISBURG TRUST COMPANY,**
Defendant.

**Civ. A. No. 6420.**

United States District Court
M. D. Pennsylvania.

April 26, 1962.

———◆———

Harry S. Shapiro, Baltimore, Md., for plaintiffs.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

This matter is before the Court on motions of defendant (a) to dismiss Complaint for wilful failure to appear for deposition after proper notice under F.R.Civ.P. 37(d), and (b) to dismiss Complaint for failure to prosecute action under F.R.C.P. 41(b).

In support of its motions defendant filed an affidavit setting forth the following facts:

1. The particular facts giving rise to plaintiffs' alleged claim for relief in the

instant case began in the early part of 1950 when Eastern Road Materials Corporation obtained a loan from defendant, for which certain shares of stock which are the subject of this action were pledged as collateral.

2. All pertinent facts occurred or transpired on or before approximately October 1, 1952. Paragraph 19 of the Complaint, inter alia, states: "That the history of dealings between the plaintiff, Grant Thorn, and the defendant, dating back to 1944, with reference to loans under security, created a fiduciary relationship * * *".

3. Plaintiffs took no action until September 30, 1955, when plaintiffs, Grant Thorn and Genevieve U. Thorn instituted an action in this Court to No. 5406, upon substantially the same alleged claim for relief as that set forth in the instant Complaint.

4. The case lay dormant for nearly four years and was dismissed on June 17, 1959, under Rule 21 of this Court.

5. On September 30, 1958, plaintiffs instituted the instant action to No. 6420, making therein substantially the same alleged claim for relief as that set forth in Civil Action No. 5406 aforesaid.

6. Plaintiffs have taken no active steps to prosecute the instant action.

7. Defendant has been ready and willing at all times that the action be tried, with the only qualification that defendant has insisted upon taking the deposition of plaintiff, Grant Thorn, prior to trial. The said Grant Thorn has twice failed to respond to proper deposition notices, i. e., on November 1, 1961, and again on February 14, 1962.

8. George W. Reily, at all times from 1944 until his death in 1954, was President of defendant, Harrisburg Trust Company, and the individual with whom said plaintiff, Grant Thorn, dealt with at the Bank on many occasions. Several other material witnesses with respect to the dealings of plaintiff, Grant Thorn, with defendant Bank dating back to 1944, a period of eighteen years, are no longer available, their whereabouts being unknown.

It is difficult to conceive of a case in which the moving parties to a suit could show more utter disregard for the Court than have these plaintiffs, particularly Grant Thorn.

From the pleadings, including affidavit filed by defendant in support of its motions,[1] it appears that in 1950, and continuing during 1951, plaintiff, Eastern Road Materials Corporation, obtained certain loans from defendant on which plaintiffs, or some of them, pledged 4,000 shares common stock of Combustion Engineering Company, Inc., as collateral. On September 29, 1952, the amount of said loans was $130,000.00. On that date defendant demanded payment of the loans. The loans were not paid and the collateral was sold.

Predicated on the alleged impropriety of the sale of the said collateral, three years after said sale, to wit, on September 30, 1955, Grant Thorn and Genevieve, his wife, instituted Civil Action No. 5406 in this Court against the instant defendant. That action was dismissed on June 17, 1959 under Rule 21 of this Court for lack of prosecution. It should here be noted that the said dismissal occurred nearly four years after the action was brought, nearly seven years after the sale of the collateral, and fifteen years after the commencement of the course of dealings relied upon by plaintiffs to establish the alleged creation and violation of a fiduciary relationship of trust and confidence between plaintiffs and defendant.

Plaintiffs instituted the instant action to Civil Action No. 6420 on September 30, 1958, only a few days prior to the expiration of the applicable statute of limitations. The second Complaint is

---

1. No counter affidavits were filed by plaintiffs.

almost identical with the first and dismissed Complaint. Defendant answered October 10, 1958. Not until May 17, 1960, did plaintiffs cause the case to be listed for trial.

October 10, 1960, defendant served formal notice on plaintiffs' counsel of taking plaintiff Grant Thorn's oral depositions on November 1, 1961, at the time and place indicated. On the call of the Harrisburg Trial List, prior to November 1, 1961, William Livengood, Esq., a Harrisburg attorney not theretofore connected with the case, appeared in open court, stated that although he was not making a formal appearance on behalf of plaintiffs, he had been informed that Grant Thorn would not be able to appear for said deposition on November 1, 1961. No further action was taken with regard to the deposition as Thorn did not appear.

On or about October 30, 1961, by Order of Court plaintiffs' counsel, Nogi, O'Malley and Harris, Esqs., of Scranton, Pennsylvania, and members of this Court, were granted leave to withdraw their appearance as counsel for plaintiffs. Since that date no member of the Bar of this Court has entered an appearance.

On or about January 30, 1962, defendant again gave formal notice to plaintiff Grant Thorn of the taking of his oral deposition on February 13, 1962, at the time and place indicated. On January 31, 1962, the Court received a telegram signed Grant Thorn, requesting that the Court await his letters before arbitrarily setting the case for trial, that the letters would follow as soon as he was able to send them. Now about two and one-half months later the letters have not arrived. On February 13, 1962, Thorn wired counsel for defendant that arrangements for the deposition of February 14, 1962 should be cancelled as his health would not permit him to come to Harrisburg. Thorn did not appear at the scheduled time and place on February 14, 1962.

Rule 37(d), Federal Rules of Civil Procedure, provides as follows:

"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

■ There is absolutely no question here but that the failure of Grant Thorn to appear for depositions on two separate occasions was a wilful violation of the letter and spirit of the Federal Rules of Civil Procedure, particularly in view of the fact that at no time was Thorn's failure to appear implemented by a doctor's certificate.

As to Grant Thorn, the action will be dismissed with prejudice for wilful failure to appear for deposition after proper notice under Rule 37(d) of the Federal Rules of Civil Procedure.

Rule 41(b), Federal Rules of Civil Procedure, provides as follows:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits

against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Having in mind that the issue presented in the instant case was once dismissed for failure to prosecute and that the instant suit was filed only a few days before it would have been barred by the statute of limitations, that the entire history of this attempted litigation has been one of inexcusable delay and complete disregard for this Court, I feel that there is not only complete justification for dismissing the suit but for dismissing it without leave to amend. An appropriate Order will be made.