**INTERSTATE CIGAR COMPANY,**
**Plaintiff-Appellant,**

v.

**CONSOLIDATED CIGAR COMPANY,**
**Dutch Masters Cigar Co., Inc., and El**
**Producto Cigar Company, Inc., Defendants-Appellees.**

No. 331, Docket 28109.

United States Court of Appeals
Second Circuit.

Argued April 24, 1963.

Decided May 27, 1963.

---

3. Ibid.

4. See sections 216(i) and 223(c) of the Act (42 U.S.C. 416(i) and 42 U.S.C. 423 (c)).

Garver & Hauser, Brooklyn, N. Y. (Noel W. Hauser, Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Maass, Davidson, Levy, Friedman & Weston, New York City (James H. McGlothlin, Washington, D. C., Monroe L. Friedman, New York City, John E. Vanderstar, Washington, D. C., of counsel), for defendants-appellees.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Plaintiff-appellant in this anti-trust suit is a partnership which has engaged in buying and selling cigars in wholesale quantities throughout the United States. It has represented to its customers that it could supply all well-known brands, including Dutch Masters and El Producto which are made by defendants. The complaint charges defendants with conspiring to restrain trade (1) by refusing to sell Dutch Masters and El Productos directly to plaintiff, and (2) by "advising" the exclusive distributors of defendants' cigars not to resell to plaintiff on pain of losing their distributorships. As a result of this alleged concerted refusal to deal, plaintiff claims that it has been unable to purchase defendants' cigars, save in limited quantities and at "exorbitant prices," and that, as a result of its inability to supply these popular brands, it has lost a substantial number of customers. Defendants' answer was, in effect, a general denial.

On June 11, 1962, defendants began taking the deposition of Sidney Spielfogel, a member of the plaintiff partnership. Spielfogel refused to answer a series of 28 questions, most of which related to plaintiff's actual acquisitions of defendants' cigars, that is, the quantities bought, the consideration paid, and the distributors from whom they were purchased; other questions were designed to obtain the names of specific distribu-

tors who were alleged to have been pressured by defendants into refusing to deal with plaintiff. Spielfogel refused to answer and stated that the information was "confidential," for he feared that disclosure of the names of particular distributors would cause the defendants to take reprisals against them, and he had promised them not to disclose their names. Defendants thereupon moved under Rule 37(a), Fed.R.Civil P., for an order compelling the witness to answer.

On August 4, 1962, Judge Bruchhausen of the United States District Court for the Eastern District of New York granted defendants' motion and directed that Spielfogel appear for the resumption of his deposition and answer all of the questions he had previously refused to answer. The order also provided, at plaintiff's request, that failure of the witness to appear or failure to answer the specified questions would result in the dismissal of plaintiff's complaint. The resumption of Spielfogel's deposition was noticed for August 15, 1962. He did not appear on that date, and on October 9, 1962 a judgment of dismissal with prejudice was entered by Judge Bruchhausen. This appeal followed.

■ ■ It is too clear for doubt, we believe, that at least some of the questions which Spielfogel was directed to answer were "relevant to the subject matter involved in the pending action." [1] Rule 26(b), Fed.R.Civ.P. It is equally clear that no privilege attached to the information sought to be elicited. United States v. Reynolds, 345 U.S. 1, 6, 73 S.Ct. 528, 97 L.Ed. 727 (1953); 4 Moore, Federal Practice § 26.22 (2d ed. 1962); C. F. Simonin's Sons, Inc. v. American Can Co., 30 F.Supp. 901, 903 (E.D.Pa.1939).

I. Among the questions which Spielfogel was directed to answer were the following:

"I am asking the names of the persons that it is alleged were threatened we would cut off if they re-sold to the partnership. Now, will you give me those names?"

*    *    *    *    *    *    *

"Now, let me be clear. I want every such document that you claim shows a

If plaintiff feared that the disclosure of the information the defendants sought would result in reprisals against it or against other distributors, its proper course was to seek a protective order at the time of the proceedings below. This it failed to do.

The judgment of the district court dismissing plaintiff's complaint is affirmed.

threat by these defendants to cut off the company."

*    *    *    *    *

"Now, somebody apparently used the colorful expression that his livelihood was at stake. Who said that to you?"

*    *    *    *    *    *    *

"Now, will you give me the name of any so-called exclusive distributor from whom you purchased who said he was scared to death or frightened?"