Raymond **ROHAUER** and Cecil W. Hull, Appellants,

v.

The **EASTIN–PHELAN CORPORATION**, Appellee.

No. 74–1215.

United States Court of Appeals, Eighth Circuit.

June 12, 1974.

Dudley C. Lowry, Davenport, Iowa, for appellants.

Ira J. Melass, Jr., Rock Island, Ill., for appellee.

Before GIBSON, BRIGHT and WEBSTER, Circuit Judges.

## PER CURIAM.

This case comes before the court for consideration of defendant-appellee The Eastin-Phelan Corporation's motion to dismiss and for summary affirmance pursuant to Rule 9(b) of the Local Rules of this Court.[1] Appeal was taken by the plaintiffs[2] from the District Court's dismissal with prejudice of their copyright infringement suit due to plaintiff Rohauer's refusal to complete discovery.

■ In a three page brief filed in this court, reflecting the calculated disdain for rules with which plaintiff has pursued this action, plaintiff claims a denial of his constitutional right to trial.

He argues that "[t]he courts have a basic duty to protect the rights of parties before them, and to assure that the fundamental rights to a trial before the court are not abridged." The record leaves no doubt that the District Court dealt fairly with and extended itself to protect plaintiff's rights. We would also add that parties and their attorneys have a duty to the court to only file suits in good faith, pursue them with diligence, and comply with the court rules and proper orders of the court.

■ On the record before us we do not question the good faith filing of this suit. However, the record does reveal such a lack of diligence, coupled with what can only be considered a willful refusal to comply with proper orders of the Court, that fully justifies the order of dismissal entered in this case. Dismissal is expressly authorized under Rule 37(d) of Fed.R.Civ.P. and also is within the inherent power of the Court.

In First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas & Electric Company, 245 F.2d 613, 628 (8th Cir. 1957), we stated:

> Under Rule 37(d) and Rule 41(b) of the Federal Rules of Civil Procedure as well as in the exercise of its inherent power the District Court is authorized to dismiss the action of any individual plaintiff who wilfully disobeys a proper order of the court to compel * * * the giving of testimony on deposition * * *. We think the contention that dismissal was unduly harsh or unjustified is

---

1. Rule 9(b) on Summary Disposition provides in pertinent part:

    (b) *On the Motion of the Parties.* The appellee may file a motion for summary disposition of a docketed appeal. A motion to dismiss an appeal may be based on the contention that (1) the appeal is not within the jurisdiction of the court, or (2) the appeal is frivolous and entirely without merit. A motion to affirm may be based on the ground that the questions presented for review are so unsubstantial as not to need further argument. * * *
    *  *  *  *  *
    The appellant has ten (10) days from the date of receipt of a motion for sum-

mary disposition within which to file a response to the motion. * * *

Plaintiffs' 10 day period within which to respond has passed with no resistance to the motion being filed. In view of the dalliance which has characterized plaintiffs' actions in this case, this failure to respond is not surprising.

2. Plaintiff Cecil W. Hull was determined to be only a nominal plaintiff in this lawsuit and the District Court assured itself that no right of Hull's would be prejudiced by dismissal. Further mention of plaintiff herein refers only to Raymond Rohauer.

without merit. It was the right of plaintiffs to prosecute the action * * * against the defendants regardless of the burden it imposed on defendants, but only in the orderly course and in obedience to proper court orders. * * * We find there was no abuse of discretion in the application by the Court of the sanction that was authorized by the Federal Rules of Civil Procedure, and by the inherent powers of the Court.

*See also,* Interstate Cigar Company v. Consolidated Cigar Company, 317 F.2d 744 (2nd Cir. 1963); Thorn v. Harrisburg Trust Company, 32 F.R.D. 352 (M.D.Pa.1962), aff'd 316 F.2d 237 (3rd Cir. 1963).

Here, suit was filed April 26, 1972. Defendant's motion to stay proceedings pending the outcome of a similar suit in the Southern District of New York was resisted by plaintiff and denied by the Court. Subsequently the District Court on April 24, 1973, ordered Rohauer to submit to deposition. On May 31, 1973, the Court ordered him to appear to answer certain questions he had refused to answer at the time he was deposed. Rohauer made himself unavailable during the entire summer. A subsequent order of the Court required Rohauer to appear November 1, 1973, to complete the deposition; upon plaintiff's motion this was reset to November 10, and later by agreement of counsel to November 17. Rohauer did not appear November 17. The Court then entered an order December 3, 1973, requiring Rohauer to show cause within 10 days why the action should not be dismissed with prejudice.

On December 17, 1973, after expiration of the 10 day period set by its order, the Court received a letter from plaintiff's counsel which it accepted as a response to its show cause order and set a hearing for January 30, 1974. When the hearing was held neither Rohauer or his counsel appeared, nor did they at any time prior to the date set for hearing inform the Court of an inability to appear.

Upon these facts plaintiff would ask that we reverse the District Court's dismissal of his action. However, we do not find any abuse of discretion. The complete disregard of the trial court's show cause order on the part of the appellant and his attorney demonstrated inexcusable fault, willfulness, and bad faith. The trial court, in the exercise of its discretion, was entitled to dismiss the action. *See* General Dynamics Corporation v. Selb Manufacturing Company, etc., et al., 481 F.2d 1204 (8th Cir. 1973), and cases cited therein.

In the context of this case, the now posited constitutional claims of plaintiff of lack of Fifth Amendment "due process" and Seventh Amendment "right of trial by jury" are frivolous.

The District Court's dismissal of the complaint with prejudice will be affirmed. Defendant-appellee's motion for summary affirmance is granted, and costs assessed against appellants.