**In re FULGHUM CONSTRUCTION CORPORATION, Debtor.**

**Robert H. WALDSCHMIDT, Trustee, Plaintiff,**

v.

**COLUMBIA GULF TRANSMISSION COMPANY, Defendant.**

**Bankruptcy No. 380–00235.**
**Adv. No. 380–0431.**

United States Bankruptcy Court, M. D. Tennessee.

Sept. 30, 1981.

Robert H. Waldschmidt, Nashville, Tenn., trustee.

Harlan Dodson, III, for defendant.

### ORDER

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This matter is before the court on an application by the trustee to impose sanctions on the defendant and its attorney, Harlan Dodson, III, for failure to comply with rules providing for pre-trial discovery and for failure to comply with orders entered by this court relative thereto. The failure of this attorney to comply with rules and orders is a recurring problem. In a prior proceeding this court found it necessary to fine him for failure to comply with an order. In a recent opinion Judge Paul E. Jennings of this court noted his "blatantly apparent" lack of diligence and "carelessness in reference to time." *Reliance Insurance Co. v. Martindale*, BK NO. 77–30527 (M.D.Tenn., November 7, 1980). In affirming the bankruptcy court's determination not to permit this attorney to withdraw an answer to a request for admissions, the district judge noted his "cavalier" conduct. *In re Martindale*, No. 80–3749 (M.D.Tenn., August 27, 1981). At the first available opportunity in each case this attorney invariably advises the court that the case is the most complicated procedurally that he

has ever seen. He is always correct. The case is complicated procedurally because he is in it.

The debtor in this case had been involved for a number of years in the pipeline construction business. In this adversary proceeding the trustee seeks to recover what he alleges is the balance due for certain pipeline construction work which the debtor performed for the defendant pursuant to one or more contracts. Apparently these projects had been substantially completed at the time that the debtor ceased doing business. In a letter to the trustee the defendant's attorney advised him that his client had paid to subcontractors and materialmen the sum of $262,039.65, the bulk of which was derived from retainage which it was holding pursuant to one or more of the contracts. The trustee was furnished with a list of the payees and the amount paid to each. According to this letter the defendant estimated that it had disbursed to these subcontractors and materialmen some $30,-000 more than it had retained under the contracts. This figure was not substantiated in any way.

This case was originally set to be tried on September 25, 1980. On July 23, 1980, the defendant's attorney filed a motion to continue stating that at least five days would be required for the trial. The court reacted to this motion by rescheduling the trial for three days commencing on January 14, 1981.

On the day prior to the rescheduled trial date, the trustee filed a motion for continuance indicating that he had discussed the matter with the defendant's attorney and thought that with additional time many factual issues could be stipulated and thus reduce the length of time necessary for trial. The court responded to this motion by rescheduling the trial for April 8, 1981.

Apparently being unable to reach an agreement with the defendant's attorney relative to the stipulation, on January 29, 1981, the trustee served on that attorney requests for admissions of facts attempting to elicit from the defendant for use at trial the information which had previously been furnished by the defendant's attorney. A response was filed denying the admissions. On March 2, 1981, the trustee served on the attorney for the defendant a set of interrogatories by which he also attempted to elicit information.

On the day of the rescheduled trial, the trustee and the attorney for the defendant advised the court that additional time was required to complete discovery. Interrogatories had been served on the trustee and he had not fully answered, partially due to the fact that he did not have personal knowledge of much of the information requested. The court thereupon entered an order dated April 9, 1981, directing that each of the parties answer the respective interrogatories within thirty days. The attorney for the defendant assured the court at this hearing that his client would have no difficulty in providing meaningful answers to the interrogatories within the thirty-day time frame. The trial was again continued to July 14, 1981.

The trustee filed his answers on May 8, 1981. On May 21, 1981, the attorney for the defendant filed a motion for extension of time to "respond" to the interrogatories in which he stated "that answers will be substantially complete by June 1, 1981." It is unclear to the court what was meant by "substantially complete." The court notes that incomplete answers are treated as a failure to answer under the Rule 37(a)(3) of the Federal Rules of Civil Procedure.

The trustee responded to this further delay by filing a motion requesting that the answers be striken and the requests for admissions of facts be admitted. The court set that motion for hearing on June 23, 1981. On the day prior to this hearing the defendant's attorney filed a one-page document which purported to be answers to the interrogatories. Taking issue with the use of the word "retainage" in the first interrogatory, he answered for his client to the effect that there was no "retainage." Having answered that question in this manner, he answered all other interrogatories as being "not applicable." This document was filed more than a month after the deadline

set by the court's April 9, 1981, order which this attorney had stated would be complied with fully without difficulty within the thirty-day time frame. At no time had this attorney indicated that there was a problem with the use of the word "retainage" which would warrant him withholding further responses to the interrogatories. That term had originally been used by him in his letter to the trustee.

At the hearing on June 23, 1981, the attorney for the defendant assured the court that he would make all necessary information available to the trustee prior to the trial and that it should continue as scheduled on July 14, 1981. The court had no confidence in this representation by this attorney and indicated to the trustee that he should resubmit interrogatories utilizing some term other than "retainage." The court took under advisement the appropriate sanctions to be imposed upon the defendant and/or its attorney who readily acknowledged his obligation to reimburse the trustee for legal expenses incurred as a result of the late filing of what he deemed to be answers to the first set of interrogatories. The trial was again continued, this time to September 11, 1981.

On August 4, 1981, subsequent to the due date of answers to the second set of interrogatories, the attorney for the defendant filed a motion for an extension of time to answer citing "difficulties in compiling the necessary information." Answers were filed on August 10, 1981. The only information reflected in those answers which would appear to involve the compilation of any data is the list of payments made to third parties which list tracks verbatim the list included in the request for admissions filed by the trustee in January 1981 which list the trustee had previously obtained from this attorney. These answers are vague and evasive.

In desperation the trustee requested a conference complaining of the vagueness of the defendant's answers to the second set of interrogatories. The trustee also moved for another continuation of the trial in order for him to complete discovery. At the con-ference the defendant's attorney made certain representations to the court as to the position of his client in this matter which generally were unintelligible. It appeared to the court that he finally acknowledged that if the debtor had fully performed under the contracts at issue it would be entitled to the $262,039.65 less a sum which he now estimated to be as high as $50,000. He offered nothing to substantiate the later figure.

It has been necessary for the court again to continue the trial.

The foregoing course of conduct on the part of this attorney once again evidences his disregard for procedure and lack of respect for the judicial process. It appears that he is compelled in each case to see how far he can push opposing counsel and the court in delaying matters.

This court is as exasperated with this attorney as other courts are. Obviously sanctions must be imposed. They are provided by Rule 37(b) of the Federal Rules of Civil Procedure. It would appear to the court that, if this matter is ever to be resolved, as an initial step the trustee's request for admissions should be granted. In addition, the defendant and/or its attorney should reimburse the trustee for the totally unnecessary time which he has had to devote to obtaining discovery in this matter to date. Based upon the affidavit which the trustee has filed indicating the time which he had devoted to dealing with the defendant's delays and the additional time which the court is aware was logged subsequent to the final date set out in the affidavit, the court is of the opinion that the trustee should recover attorneys' fees from the defendant's attorney in the amount of $750.

The court is satisfied that as long as Harlan Dodson, III, composes the answers the trustee will be unable to obtain meaningful factual information from the defendant through interrogatories. The only way that the trustee can obtain the information to which he is entitled is through the depositions of the defendant's personnel. It should not be necessary, however, for the estate to bear the expense of these deposi-

tions since the necessity for taking same has been caused by the defendant's attorney. Accordingly the defendant should furnish the trustee within fifteen days of the date of this order with a list identifying all persons with significant information concerning this matter and the nature of that information. Thereafter, upon twenty-days' written notice from the trustee the defendant shall make such persons available to the trustee at such location as he shall specify. The defendant shall pay all expenses incurred in connection with the taking of these depositions including the travel expenses of the persons to be deposed and the trustee and the costs of having the testimony transcribed and reimbursement to the trustee of a reasonable fee for his services as attorney for the estate.

It is SO ORDERED.