**In re FULGHUM CONSTRUCTION CORPORATION, Debtor.**

**Robert H. WALDSCHMIDT, Trustee, Plaintiff,**

**v.**

**COLUMBIA GULF TRANSMISSION COMPANY, Defendant.**

**Bankruptcy No. 380–00235.
Adv. No. 380–0431.**

United States Bankruptcy Court, M. D. Tennessee.

June 15, 1982.

Robert H. Waldschmidt, Cosner, Waldschmidt & Crocker, Nashville, Tenn., for Trustee.

Harlan Dodson, III, Dodson, Harris, Robinson & Aden, Nashville, Tenn., for Columbia Gulf Transmission.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the Court on the motion of the plaintiff/trustee to impose sanctions on the defendant for failure to comply with discovery orders. This is the second motion for sanctions against this defendant under Rule 37 of the Federal Rules of Civil Procedure.[1] The prior Rule 37 motion was granted by order dated September 30, 1981.[2] 15 B.R. 52. This second motion seeks further sanctions for the alleged failure of the defendant to comply with the order of September 30, 1981. For the reasons stated below, the trustee's second request for sanctions is granted in part and denied in part.

■ The procedural history of this case prior to September 30, 1981 is accurately discussed in this Court's order of September 30, 1981. In this second motion for sanctions, the trustee contends that the defendant has failed to comply with two[3] specific

1. Applicable herein pursuant to Rule 737 of the Federal Rules of Bankruptcy Procedure.

2. The defendant appealed the order of September 30, 1981 to the United States District Court for the Middle District of Tennessee. By order dated February 10, 1982, the District Court affirmed the order of September 30, 1981. Defendant noticed its appeal to the United States Court of Appeals for the Sixth Circuit on February 26, 1982. No stay has been sought or granted of the order of September 30, 1981.

3. The trustee's motion suggests a third ground for sanctions—failure to comply with that portion of the September 30th order which required defendant to make certain persons available for examination upon 20 days' notice from the trustee. At the hearing of this matter on June 3, 1982, the trustee stated that the "20 days' written notice from the trustee" required by the September 30 order was contained in the trustee's letter of March 2, 1982 to Harlan Dodson, III, counsel for the defendant. Acknowledging a dispute concerning receipt by Mr. Dodson of this letter of March 2, 1982, the

provisions of the order of September 30, 1981:

1. That portion of the order which required that "the defendant should[4] furnish the trustee within 15 days of the date of this order with a list identifying all persons with significant information concerning this matter and the nature of that information."

2. That portion of the order which stated "that the trustee should recover attorneys' fees from the defendant's attorney in the amount of $750."

In support of this second motion, the trustee exhibits a letter to defendant's counsel dated March 2, 1982 in which the trustee demanded compliance with the September 30, 1981 order. In addition, the trustee submits an affidavit stating that, as of April 26, 1982, the trustee had not received the list of names or the attorneys' fees called for in the order.

At the hearing on June 3, 1982, the trustee, Robert H. Waldschmidt,[5] and Harlan Dodson, III, counsel for the defendant, appeared and each gave testimony. Mr. Dodson testified that he appealed the order of September 30, 1981, but that no stay has been sought or granted of that order or of the District Court's order affirming the decision of the Bankruptcy Court. Mr. Dodson introduced exhibits indicating communications with the trustee during October of 1981. Mr. Dodson stated his impression that the trustee did not wish to carry out the discovery provisions of the September 30th order because the trustee intended to proceed with a motion for summary judgment. The trustee filed his first motion for summary judgment on November 12, 1981. That motion for summary judgment was denied on December 17, 1981. On January 14, 1982, the trustee filed his second request for admissions and his third set of interrogatories to the defendant. Answers to the trustee's second request for admissions and to the third set of interrogatories were filed by the defendant on February 19, 1982. By notice dated March 1, 1982, trial was reset for June 3, 1982.[6] On April 2, 1982 the trustee filed a second motion for summary judgment. Mr. Dodson stated that at no time was he informed that his client was failing to provide anything required by the September 30th order.

Mr. Waldschmidt testified that he filed no formal discovery requests between the order of September 30, 1981 and the decision denying the first motion for summary judgment on December 17, 1981. However, following the denial of the first motion for summary judgment, Mr. Waldschmidt sought discovery by filing the second request for admissions and the third set of interrogatories on January 14, 1982. Mr. Waldschmidt testified that he sent the March 2, 1982 letter to Harlan Dodson, III, demanding compliance with the September 30, 1981 order and asking Mr. Dodson for documentation concerning the further appeal of the September 30th order to the United States Court of Appeals for the Sixth Circuit. Mr. Dodson testified that he never received Mr. Waldschmidt's letter. Mr. Waldschmidt recalled that some days after the letter of March 2, 1982 he received the requested documentation. At no time has Mr. Waldschmidt received the $750 attorney's fee. Except for the period between September 30, 1981, and the denial of the first motion for summary judgment on December 17, 1981, Mr. Waldschmidt stated he has never acquiesced in noncompliance

---

trustee abandoned this third ground and relied principally upon the two stated grounds.

**4.** This Court rejects defendant's suggestion that the use of the word "should" instead of the word "shall" renders the September 30th order unenforceable under Rule 37. From the context and other language of the September 30th order, it cannot be doubted that these provisions were mandatory, compulsory and with the force of court orders.

**5.** By order dated February 12, 1980, Mr. Waldschmidt was authorized to represent himself pursuant to 11 U.S.C. § 327(d).

**6.** The trial of this matter has been set and reset innumerable times since the original trial date of September 25, 1980.

with the discovery provision of the September 30th order.

This second motion for sanctions was filed on April 27, 1982. On May 27, 1982 a pre-trial conference was held in chambers. By pre-trial order dated May 28, 1982, trial was rescheduled to begin June 16, 1982 and yet another schedule for discovery was established. On May 28, 1982, the defendant finally provided the trustee with a list of the names, etc., of persons having knowledge of this matter, as required by the order of September 30, 1981.

■ The trustee is correct that this is an appropriate case for the imposition of sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. This Court's order of September 30, 1981 was an order "to provide or to permit discovery" within the provisions of Rule 37(b)(2) of the Federal Rules. Rule 37(b)(2) states explicitly that Rule 37 may be used to impose sanctions for the failure to comply with a prior Rule 37(a) order. The courts have broadly recognized the use of Rule 37 to impose sanctions for disobedience of valid discovery orders. *See, e.g., Ohio v. Arthur Anderson & Co.*, 570 F.2d 1370 (10th Cir.), *cert. denied*, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976); *Local 251, International Brotherhood of Teamsters v. Town Line Sand & Gravel, Inc.*, 511 F.2d 1198 (1st Cir. 1975). Mr. Dodson contends that the portion of the September 30th order which required him to pay $750 to the trustee is an order which can only be enforced by application for contempt. This argument is without merit. Rule 37(b)(2)(D) specifically contemplates the use of contempt powers in matters arising under Rule 37(b). The $750 awarded by this Court against Harlan Dodson, III, personally, was an order authorized by Rule 37(a)(4) of the Federal Rules of Civil Procedure. Such order was an order under Rule 37(a), violation of which may be sanctioned pursuant to Rule 37(b)(2).[7]

■ At least two portions of the order of September 30, 1981 are "self-executing" in the sense that no further action or request by the trustee was necessary to require some action or compliance by the defendant.[8] The September 30th order states that the trustee "should recover attorneys' fees from the defendant's attorney in the amount of $750." There is no dispute that this provision of the September 30th order has not been complied with by Mr. Dodson. Once the fact of nonpayment was established by Mr. Waldschmidt, the burden was on Mr. Dodson to explain why he ignored the Court order. No explanation or excuse has been offered. Mr. Dodson could have sought a stay of the order of September 30, 1981, but did not. He has simply chosen instead to disregard the order. This Court cannot tolerate the refusal to obey Court orders by a member of the bar. Although willfulness is not required for the imposition of sanctions, Mr. Dodson's lack of diligence and complete failure to comply, without explanation, is evidence of willfulness on his part. *See Societe Internationale Pour Participations Industrielles v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Rohauer v. Eastin-Phelan Corp.*, 499 F.2d 120 (8th Cir. 1974). The Court finds that the failure of Harlan Dodson, III to comply with the provisions of the September 30th order regarding payment of $750 to the trustee is appropriately treated as a contempt of court pursuant to Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure. 28 U.S.C. § 1481 authorizes the

---

7. Defendant suggested for the first time at argument on June 3, 1982 that this Court should not act on the trustee's second motion for sanctions because there was no finding in the opinion of September 30, 1981 that Harlan Dodson, III "advised" the defendant on the matters at issue in that order. Mr. Dodson admitted to the Court that this argument was not advanced as an issue on appeal. Given that the September 30th order is now on further appeal to the United States Court of Appeals for the Sixth Circuit, this Court declines to reconsider its order on the basis offered by Mr. Dodson.

8. Both Mr. Waldschmidt and Mr. Dodson acknowledged the "self-executing" features of the September 30th order at the hearing on June 3, 1982.

bankruptcy court to punish civil contempts.[9] It is the decision of this Court that Mr. Dodson shall pay to Mr. Waldschmidt within ten (10) days of the entry of this order the $750 owed to the trustee plus $10 per day for each calendar day between September 30, 1981 and the date upon which Mr. Dodson makes full payment to Mr. Waldschmidt. The Court admonishes Mr. Dodson that it intends to use the full range of remedies available in the punishment of contempts in the event Mr. Dodson persists in his disregard of valid Court orders.[10]

The second "self-executing" portion of the order of September 30, 1981 required the defendant to "furnish the trustee within 15 days of the date of this order with a list identifying all persons with significant information concerning this matter and the nature of that information." Mr. Waldschmidt contends that this provision of the September 30, 1981 order was not complied with until a month after the second motion for sanctions. Mr. Dodson argues alternatively that his October 1981 letters to Mr. Waldschmidt constitute substantial compliance with the September 30th order, or that the actions of the trustee excused defendant's compliance.

■ A review of Mr. Dodson's October, 1981 correspondence with the trustee demands rejection of the contention that these letters constitute compliance with the order of September 30, 1981. Exhibit 1, Mr. Dodson's letter of October 12, 1981, contains nothing more than a promise to "have my people provide you whatever other information you need." Nowhere does the letter identify who "my people" are. Nowhere does the letter comply with the Court order to list persons with information about this case and to describe the information such

persons may have. Likewise, Exhibit 2, Mr. Dodson's letter of October 27, 1981, contains an offer to have "someone from our general counsel's office" come discuss the case with Mr. Waldschmidt. Exhibit 2 does not comply with the listing requirement.

■ Defendant explains its failure to supply the list by arguing that the trustee never asked for the list and in fact excused noncompliance by seeking no further discovery after the entry of the September 30th order. At the threshhold, the Court rejects defendant's contention that a further request for discovery was a necessary precondition to the defendant's obligation to supply the list within 15 days. By the clear terms of the order, there were no preconditions to supplying the list within 15 days. Similarly, the Court finds no merit to defendant's argument that the parties could by their actions alter or amend the explicit requirement that defendant supply the list within 15 days. No court at any level can allow attorneys to disregard or modify lawful orders at their convenience. Had the defendant perceived or desired a modification of the September 30th order, counsel for the defendant had at his disposal the procedural devices to bring the order before the Court. Only a stay or a superseding court order could alter, amend or suspend the explicit terms of the September 30th order.

■ This Court rejects defendant's view that the trustee "waived" its right to the list by proceeding with a motion for summary judgment before seeking further discovery. It is inconceivable to the Court that a counsel as experienced as defendant's counsel would interpret the filing of a motion for summary judgment as excusing

---

9. The enactment of 28 U.S.C. § 1481 expanded the contempt powers available to bankruptcy courts under the old Act. The specific $250 limitation contained in old Rule 920 of the Federal Rules of Bankruptcy Procedure is not carried into the Code and is inconsistent with 28 U.S.C. § 1481. The legislative history of § 1481 fully supports this view. H.R.Rep.No. 595, 95th Cong., 1st Sess. 13, 448, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5974, 6404. *See In re Lowe*, 18 Bankr. 20, 24 (Bankr.

N.D.Ga.1981) (the $250 limitation in Bankruptcy Rule 920(a)(3) is inconsistent with the Bankruptcy Reform Act of 1978 and therefore is inapplicable in contempt cases thereunder). *See also* 1 L. King, Collier on Bankruptcy ¶ 3.01 (15th ed. 1982).

10. It is noted that the contempt powers available to the Bankruptcy Court include the power to imprison.

compliance with discovery orders. Moreover, the Court observes that the logic of defendant's position dissolves with the denial of the trustee's motion for summary judgment on December 17, 1981. Thereafter, it cannot be contended that the defendant was awaiting the outcome of the trustee's motion for summary judgment before complying with the September 30th order. On January 14, 1982, the trustee filed his second request for admissions and third set of interrogatories. Defendant and defendant's counsel cannot contend that they remained unaware of the trustee's desire to continue discovery. The Court is compelled to accept the testimony of Mr. Dodson, an officer of this Court, that he did not receive the letter sent by Mr. Waldschmidt on March 2, 1981. However, it cannot be maintained that the defendant was unaware of the trustee's desire to enforce compliance with the September 30, 1981 order after the filing of this second motion for sanctions on April 27, 1982. At that time, the defendant knew that trial was set for June 3, 1982. Nonetheless, on May 27, 1982, at the pre-trial conference—one week before trial, one month after the filing of this motion and nearly eight months after the order of September 30th—the defendant had still failed to comply with the order that it provide a list of all persons having information about this matter.

The Court finds that sanctions should again be assessed against the defendant under Rule 37. The effect of defendant's noncompliance with the September 30th order has been to require further discovery actions by the trustee and to again cause the rescheduling of trial at substantial expense and inconvenience to the administration of this case and to the Court. Notwithstanding the efforts of the plaintiff, several conferences with the Court, the ordering of discovery and the imposition of sanctions and fines, the defendant and defendant's counsel have successfully avoided discovery and avoided trial for over 20 months. The trustee asserts that the appropriate sanction is the entry of a default judgment against the defendant.[11] See NHL v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc., 543 F.2d 3 (2d Cir. 1976), cert. denied, 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977). However, the Court will allow the defendant its day in Court, in spite of its contemptuous behavior, and will instead treat the failure to comply with prior orders as a contempt of court.

The defendant has been in contempt since the 15th day following September 30, 1981. However, the Court will compensate the trustee and will assess a penalty against defendant from the filing of this second motion for sanctions—when it would be apparent to even the most obtuse litigant that he should obey the Court's order. Therefore, for each day since the filing of this second motion for sanctions, and continuing through the day on which defendant supplied the list of all persons with significant information concerning this matter, the Court orders the defendant to pay $100 per day to the trustee.

The Court determines that, pursuant to the provisions of the last subparagraph of Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, this is an appropriate case in which to require the defendant to pay reasonable expenses, including attorneys' fees caused by the defendant's actions. The trustee shall submit to the Court and to the defendant an affidavit and itemization of all fees and expenses incurred in connection with this second motion for sanctions, including the costs and expenses of additional discovery caused by the defendant's failure to comply with the September 30th order. The Court further finds from the documents and testimony at the hearing that Harlan Dodson, III was both a party failing to obey a court order and "the attorney advising" the defendant on the matters here at issue and thus assesses the reasonable expenses and attorneys' fees described in this paragraph against the defendant and Mr. Harlan Dodson, III, personally.

11. Such a judgment, if granted, would be entered in the principal sum of $262,039.65.

The provisions of this order shall supplement, but not supersede, alter or affect in any way the discovery orders or sanctions previously ordered by this Court. Specifically, but without limitation, this order shall not be interpreted to relieve the defendant or the defendant's counsel of any obligation created by the order of September 30, 1981 or by the pre-trial order entered on May 28, 1982.

Judgment shall enter accordingly.