511 F.2d 1198
 LOCAL UNION NO. 251 affiliated with International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
and Helpers of America, etc., Plaintiff-Appellee,
v.
TOWN LINE SAND & GRAVEL, INC., Defendant-Appellant.
 No. 74--1252.
 United States Court of Appeals,
First Circuit.
 Argued March 3, 1975.
Decided March 14, 1975.
 
 Raymond R. Coia, Providence, R.I., for defendant-appellant.
 Bruce G. Tucker, Providence, R.I., with whom Dennis J. Roberts, II, and Roberts & Wiley Inc., Providence, R.I., were on brief, for plaintiff-appellee.
 Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellee commenced an action in the district court to recover from appellant funds allegedly due as employer contributions to a Health and Welfare Fund and a Pension Fund. On October 26, 1973 appellee requested that appellant produce certain employment records pursuant to Fed.R.Civ.P. 34, and later filed a motion to compel production when appellant neither responded nor objected to the request. A hearing on the motion was held January 28 before a magistrate, and an order was entered directing appellant to make the documents available within 30 days. When compliance was not forthcoming, appellee asked that the court enter a conditional order of default judgment.
 
 
 2
 The motion came on for a hearing April 26, the Friday before the Monday on which trial was to commence. Counsel for appellant did not dispute the allegations contained in the motion that the discovery order had been entered, that appellant had additionally agreed at an April pretrial conference to allow inspection of the materials, and that appellee's representative had nonetheless been refused access to them. Appellant's counsel reported that his client simply refused to go along with the advice that he comply with the court order. The district judge thereupon held appellant in default 'because he has intentionally and deliberately violated the order entered on January 28, 1974.' A hearing was held the next week to establish the amount of the claim, and at that time appellant presented an oral motion that the default judgment be vacated. The motion was denied, and leave granted to refile it, along with supporting memoranda, after final judgment was entered. The motion was not renewed.
 
 
 3
 Seeking reversal of the default, appellant argues that the sanction went beyond the court's authority. None of the arguments offered by appellant merit extended discussion. Federal Rule 37 empowers a district court to make such orders as 'are just' when a party fails to comply with a discovery order, placing the court's handling of such matters beyond appellate review when there has been no abuse of discretion. Atlantic Cape Fisheries v. Hartford Fire Insurance Co., 509 F.2d 577 (1st Cir. 1975). The entry of default on the issue of liability was a reasonable sanction under the circumstances, especially since appellant not only failed, but wilfully refused, to comply. Appellant's obstinacy stretched over a period of months, and the district judge demonstrated Job-like patience in extending his offer, not acted upon, to consider a postjudgment motion to vacate.
 
 
 4
 We can ascribe no significance to the fact that the attorney who represented appellant at the time default was entered, and also on this appeal, did not become attorney of record until March 27, 1974. It is clear that he was in fact representing appellant in this matter at least as far back as October 1973, and in any case a change of attorneys would not suffice to excuse a client's noncompliance absent a showing of special circumstances.
 
 
 5
 We also reject the suggestion that it was improper for the district court to enter a general default after receiving a motion from appellee which requested that a conditional default be entered giving appellant seven additional days in which to comply. One possible response would be that in asking for 'a default judgment' at the hearing, appellee broadened its request enough to encompass the relief actually granted. But that fact is almost irrelevant, since the Federal Rules commit to the district judge, not to the parties, the responsibility for fashioning the sanctions utilized in cases of noncompliance.
 
 
 6
 Affirmed. Costs for appellee.