## PAINE, WEBBER, JACKSON & CURTIS, INCORPORATED, Plaintiff-Appellee,

### v.

## INMOBILIARIA MELIA de PUERTO RICO, INC., Defendant-Appellant.

### No. 13, Docket 76–7087.

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1976.

Decided Oct. 12, 1976.

**4**

Bob D. Mannis, New York City (Dewey, Ballantine, Bushby, Palmer & Wood, Judson A. Parsons, Jr., New York City, of counsel), for plaintiff-appellee.

Norman Solovay, New York City (Holtzmann, Wise & Shepard, David S. Lindau, New York City, of counsel), for defendant-appellant.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

On January 22, 1976, the United States District Court for the Southern District of New York, Hon. Constance Baker Motley,

Judge, entered judgment pursuant to Fed. R.Civ.P. 37(b)(2) striking the amended answer of defendant Inmobiliaria Melia de Puerto Rico, Inc. (IMPR), dismissing defendant's counterclaims with prejudice, and granting plaintiff Paine, Webber, Jackson & Curtis, Incorporated (Paine Webber) a default judgment against IMPR. The underlying cause of action was a suit by Paine Webber to recover a brokerage commission for services rendered in obtaining financing for the construction of IMPR's condominium hotel (Apartotel) in Puerto Rico. The financing was ultimately obtained from the Housing Investment Corporation, a subsidiary of the Chase Manhattan Bank, through the services of an independent broker, Juan J. Otero, allegedly while defendant's exclusive agency contract with Paine Webber was in full force and effect. The judgment awarded Paine Webber was in the amount of $285,000 with interest from November 1, 1972, plus expenses, including attorney's fees, of $3,743.50. On appeal, IMPR argues that the penalty of a default judgment was unwarranted on the facts of this case. We affirm the judgment below in all respects.

This action was commenced by the filing of a complaint on May 31, 1973, and IMPR answered on July 30, 1973. On September 25, 1973, Paine Webber noticed the depositions of Martin Cohen and Pedro Fullana, officers of IMPR, and Jack Berger, a financial officer of a principal stockholder of IMPR who initiated the transaction with Paine Webber, for November 1, 1973 in New York, and also served notice that certain documents be produced by October 25, 1973.* None of the requested materials were forthcoming on that date.

---

\* Paine Webber's Rule 34, Fed.R.Civ.P., Notice to Produce requested, *inter alia:*

   2. All documents which reflect or refer or relate to any negotiation, discussion, agreement, understanding or communication, occurring from January 1, 1971 to date with Paine, Webber or any broker other than Paine, Webber in connection with any financing or proposed financing of the construction of the Apartotel.

   3. All documents which reflect or refer or relate to any negotiation, discussion, agreement, understanding or communication occurring from January 1, 1971 to date con-

cerning any loan made, or proposed to be made, by Housing Investment Corp., Inc. or The Chase Manhattan Bank, N.A. to you in connection with the construction of the Apartotel or the actual or proposed employment of any broker in connection with such loan.

   4. Any other documents which reflect or refer or relate to any negotiation, discussion, agreement, understanding or communication occurring from January 1, 1971 to date between you and any other person concerning the financing of the construction of the Apartotel.

On October 29, 1973, the parties agreed to reschedule the Cohen and Berger depositions for December 4, 1973, and to proceed with the production of documents "as soon as possible, hopefully prior to November 16." On December 3, 1973, defendant's counsel stated that he was still unable to comply with the production request, and that neither Cohen nor Berger would appear the following day for their scheduled depositions. The result was Paine Webber's first motion for sanctions pursuant to Fed. R.Civ.P. 37, served on December 18, 1973, seeking an order directing that either IMPR's answer be stricken and that judgment by default be entered, or that defendant be compelled to proceed with discovery.

The motion was assigned to Magistrate Sol Schreiber for a hearing and report and the parties, at his suggestion, entered into a stipulation on February 22, 1974, which included a discovery schedule. As modified by Judge Motley, this provided for compliance with Paine Webber's Rule 34 request on or before February 26, 1974; for the taking of the Cohen and Berger depositions on February 28, 1974 and March 5, 1974 respectively; and for the taking of the Fullana deposition on April 17, 1974. This order was dated February 26, 1974 and was filed on March 5, 1974.

The Cohen and Berger depositions were held as ordered, but by February 26 the document production was still incomplete. Paine Webber called this dereliction to IMPR's attention in a letter dated April 8, 1974, and reminded defendant of the upcoming Fullana deposition. IMPR's response was to serve motion papers on April 12, 1974 seeking to transfer both the site of the Fullana deposition and the venue of the action to Puerto Rico. Fullana did not appear on April 17.

By letter dated June 26, 1974, Paine Webber again sought completion of document production. On October 21, 1974, defendant's counsel wrote that neither they nor Berger had any more documents to produce. The result of this further delay was a November 6, 1974 conference with Magistrate

Schreiber followed by a discovery order filed on November 11. IMPR was directed to comply with Paine Webber's request by December 15, 1974, failing which it was recommended that defendant's answer be stricken and judgment be entered for plaintiff. The extent of defendant's compliance was to provide, on December 16, only certain of Cohen's travel and telephone records, as well as some correspondence. On December 18, Magistrate Schreiber directed defendant's counsel to submit affidavits by IMPR's principals indicating full compliance with Paine Webber's request. These have never been furnished.

On March 31, 1975, the district court filed an order denying defendant's motion to transfer the Fullana deposition to Puerto Rico. It was thereafter scheduled for April 23, 1975, but on April 22 Paine Webber was informed that Fullana would not appear. On June 3, IMPR's counsel sought leave to withdraw, stating that they had been "unable to obtain the necessary cooperation from the client that is required for us to do a professional and competent job of representing the defendant in this case." Paine Webber opposed this motion on the ground that it would be subjected to further delay, and cross-moved for a default judgment. The matter was again referred to Magistrate Schreiber for a hearing and report on September 3, 1975. In a letter dated October 3, Judge Motley ordered that all pre-trial procedures be completed by December 1, 1975, with a trial date scheduled sometime after April 1, 1976.

Seeking to afford defendant yet another opportunity to comply, Magistrate Schreiber forwarded a proposed order to Judge Motley dated December 9, 1975, containing a revised discovery and deposition schedule. On January 12, 1976, Judge Motley rejected the proposed order and granted Paine Webber's cross-motion for entry of a default judgment. IMPR then moved to vacate the January 12 order and for entry of Magistrate Schreiber's recommendation. A hearing was held on January 21, 1976, at which defendant's motion was denied.

Where sanctions are imposed under Rule 37, Fed.R.Civ.P., the question is not whether this court, as an original matter, would have applied them, but whether the district court abused its discretion in so doing. *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974); *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir. 1964), rev'd on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). The Supreme Court has recently observed in *National Hockey League v. Metropolitan Hockey Club, Inc.,* —— U.S. ——, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), reversing a Third Circuit judgment which had reversed the dismissal of an action for failure to timely answer written interrogatories, that there is a tendency for reviewing courts to be heavily influenced by the severity of the sanctions under Rule 37. "But here as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* —— U.S. at —— – ——, 96 S.Ct. at 2780–81. The record here, as indicated in the statement of facts, fully supports the finding that Fullana had willfully failed to appear for his deposition for more than seven months. Moreover, the corporate records sought here appear to be pertinent to the litigation and would normally be expected to be readily obtainable. The failure ever to produce them or by affidavit to account for their nonproduction again compels the conclusion that the District Judge did not abuse her discretion in applying the sanctions described.

Judgment affirmed.