Jessie Pearl **BATES**, as Administratrix of the Estate of Colie Bates, Deceased, Plaintiff,

v.

**FIRESTONE TIRE AND RUBBER COMPANY, INC.,** Defendant.

Civ. A. No. 76–1568.

United States District Court, D. South Carolina, Columbia Division.

April 24, 1979.

---

Francis T. Draine, Columbia, S. C., for plaintiff.

Henry B. Smythe, Antony M. Merck, Buist, Moore, Smythe & McGee, Charleston, S. C., for defendant.

## ORDER ON MOTION TO COMPEL DISCOVERY

HEMPHILL, District Judge.

Plaintiff's motion to compel discovery, asking court to issue sanctions pursuant to Rule 37[1] of the Federal Rules of Civil Procedure. This case was originally filed August 25, 1976, upon the lodging of the complaint with the Clerk of Court; defendant answered September 20, 1976, was allowed to amend its Answer later by Answer filed March 24, 1977. It was allowed an additional amendment which was filed July 1, 1977. By Order filed December 13, 1977, this court dismissed the complaint by failure to comply with an Order compelling discovery, but later reinstated the case, upon condition, by Order of October 1978. Again, this court is faced with the necessity of spending time and judgepower in a discovery problem that should not have been allowed to exist.

After the case was reinstated, plaintiff served upon defendant interrogatories[2] (re-

---

1. Fed.R.Civ.P. 37(a)(2)(3) and (4).

2. Fed.R.Civ.P. 33(a) provides: Interrogatories to Parties.

(a) Availability; Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after

service of the summons and complaint upon that party.

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the

ceipt is acknowledged in defendant's brief in opposition to this motion). Defendant did not serve a reply to the interrogatories nor request an extension of time to reply within the thirty (30) days after defendant was served, nor did the defendant file objections within the 45 days provided by the rule, which allows objections within 45 days after the complaint is filed.

Peculiar controversy is had to interrogatories Nos. 12, 13, 14 and 15 and responses are as follows:

12. Has the Defendant ever had knowledge during the twenty-five (25) years preceding the death of Colie Bates or any person who was injured or killed while using a three part truck tire rim of any manufacturer? If affirmative, state the name and address of the witness who could disclose the nature of the Defendant's knowledge of those injuries or deaths?

13. Has the Defendant ever been sued by any person claiming to have been injured or damaged by a three part truck tire rim manufactured by the Defendant? If affirmative, list the name and address of each claimant, his attorney, if any, and if a lawsuit was commenced, the caption, court and docket number for each claim?

14. Has the Defendant ever filed a report or been requested to file a report with any United States Government Agency relating in any manner to a three or two part truck tire rim?

15. Has the Defendant ever recalled any type of truck tire rim?

Responses:

12: This information has been requested by the attorneys for the Defendant and the Defendant will provide the name of the witness or witnesses who could disclose the nature of the Defendant's knowledge concerning injuries or death caused by failure or separation of the type product subject to this action.

*Interrogatory No. 13*: This information has been requested by the attorneys for

the Defendant and the Defendant will provide the name and address of each Plaintiff in an action against Firestone for injury caused by the type product subject of this action, his attorney, and other information necessary to identity the suit.

*Interrogatory No. 14.* This information has been requested by the attorneys for the Defendant and it will be made available as soon as received.

*Interrogatory No. 15.* This information has been requested by the attorneys for the Defendant and will be made available as soon as received.

It occurs to the court that it is now the 17th day of April, 1979, almost three months after defendant's memorandum in opposition to plaintiff's motion to compel and impose sanctions. The record does not reveal that the information has been furnished nor the interrogatories complied with.

The interrogatories are proper and appropriate. A South Carolina case, reviewed by the Fourth Circuit, is authority for the answers which the plaintiff seeks. In *Gardner v. Q. H. S.*, 448 F.2d 238, 244 (4th Cir. 1971) the court specifically approved the evidence which is relevant on the issue of foreseeability in the following language:

Where the issue is one of foreseeability, evidence of what has actually been experienced in the same or comparable situations constitutes proof of the greatest probative value. The only other way foreseeability can be proved is by expert testimony and in most instances it, too, will depend upon actual experience developed by laboratory or every day experience. In our view, depositions of other users of the product who had experiences similar or identical to that of Miss Runge were clearly admissible to show defendants' knowledge of the harm their product could inflict, provided only that those experiences were brought to the attention of the defendants, or either of them,

summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

prior to the incident involved here. *Spruill v. Boyle-Midway, Inc.*, 308 F.2d [79] at 88–89 [4 Cir.]. See, 1 Frumer & Friedman, Products Liability, § 1201[2], and cases cited therein.

Similarly, letters of complaints should have been admitted where they described identical or similar experiences, except that in those instances where letters were written by attorneys engaged in making self-serving statements and advancing conclusions of law, specific letters may be withheld from the jury by the district judge, in the exercise of his discretion, on the ground that their prejudicial effect outweighs their probative value in regard to the issue to which they were directed.

We think also that the testimony of the professor of chemistry who conducted flammability tests should have been admitted, even where those tests were not confined to precisely the same conditions under which the rollers sought to be used by Miss Runge caught fire. See, 1 Frumer & Friedman, Products Liability, § 12.-02[2], and cases cited therein. Defendants, and especially Q. H. S., were chargeable with knowledge that the rollers could and probably would be used under a variety of conditions, and the district judge should have been liberal in admitting testimony of this nature for its probative value on the issue of whether Q. H. S. conducted proper tests and whether Q. H. S. had knowledge that its warning was deficient. Of course, the district judge again retained discretion to exclude evidence of any particular test which he found had so little probative value that it was outweighed by the prejudicial effect of the circumstances under which it was conducted.

Finally, we think that the president of Q. H. S. should have been permitted to be cross-examined as to the article in Consumers Report, provided that the article had been published and was read by him, before the time of the fire in this case. If the president had not read the article, the jury should be cautioned that the question of counsel on cross-examination did not constitute evidence, and, whether he admitted reading it or not, the jury should be cautioned that they might not rely upon the article for the truth of the legal or factual conclusions it contained.

It would be almost impossible to convince this court that counsel entrusted with the business of so prominent defendant and not be aware of such decision. The information should have been furnished, and should have been furnished promptly, as the interrogatories are more or less "boiler plate" for this type of action, as defendant's counsel well knows.

This court concurs in plaintiff's position that the answers to Interrogatory No. 20 are evasive. Interrogatory No. 20 is as follows:

20. List the names, addresses and occupations of each person who the Defendant expects to call as an expert witness on behalf of the Defendant. Describe in exact detail the true nature of his testimony, list the facts for any of his opinion, and list the exact substance of the opinion the witness is expected to render.

The answer is as follows:

20. Mr. R. E. Lee, Manager, Technical Services
Firestone Steel Products
P. O. Box 2785
Akron, Ohio 44317
Mr. S. W. Blate, Technical Representative
Firestone Steel Products
P. O. Box 2785
Akron, Ohio 44317

There is no rhyme or reason for delay in discovery in a case of this nature. Rule 26(b)(1)[3] describes the scope of discovery. At this time in the legal changes pressed upon this nation, Rule 26 has not been

**3.** Fed.R.Civ.P. 26(b)(1) provides: General Provisions Governing Discovery

(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense

changed so as to confine discovery to relevant evidence. Plaintiff asked sanctions and from Wright and Miller, *Federal Practice and Procedure*, Civil § 2284, one reads: Discretion of Court in Imposing Sanctions

Rule 37 is flexible. The court is directed to make such orders "as are just" and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response. The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.

. . . . .

Any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play, but the reason for the failure is an important consideration in determining what sanction to impose. If the failure is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that can be invoked. This merely emphasizes the fact that Rules 37(b) and 37(d) calls upon the court to "make such orders in regard to the failure as are just," and that justice requires that the most drastic sanctions be reserved for flagrant cases.

This court will not order default judgment or anything as drastic as that contemplated in many of the cases. See *Paine, Webber, etc. v. Inmobiliaria Melia P.R.*, 543 F.2d 3 (2 Cir. 1976); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1973); *Kropp v. Ziebarth*, 557 F.2d 142 (8th Cir. 1977) (also attention is particularly called to footnote 9); *Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977). Nor is this court, at this point in the record, prone to apply the harsh authority under 28 U.S.C. 1927.[4] So far, the parties have not failed to obey an order warranting the drastic action invoked in *Labok v. Ashby et al.*, 577 F.2d 735 (4th Cir. 1978).

This Interrogatory No. 20, in question is styled in the language of Rule 26(b)(4)(A)(i)[5] and should have been answered in accordance with the instructions in Rule 26. It is elementary that the facts upon which the expert's opinions should be based are discoverable and should be revealed.

## CONCLUSION

In ten (10) days from the date of this order, defendant shall answer in full, as indicated in this order, interrogatories Nos. 12, 13, 14, and 15, including not only the names of any witnesses who know anything about the questions there propounded, but all facts, papers, and copies of correspondence defendant has had concerning defendant's knowledge of same or similar type accidents or happenings in connection with Firestone tires or Firestone products in the last ten years.

In addition, defendant shall make a full answer to interrogatory No. 20. In his brief defendant says that attorney for defendant has no objection to the plaintiff's

---

of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

4. 28 U.S.C. 1927 provides: Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.

5. Fed.R.Civ.P. 26(b)(4)(A)(i) provides: General Provisions Governing Discovery

(4) Trial Preparation: Experts.

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . .

attorney deposing the witnesses which plaintiff has revealed in connection with the evasive answer Rule 20. These witnesses shall be deposed, and defendant shall pay the expenses thereof.

■ In addition, this court imposes the sanctions of five hundred ($500.00) dollars for expenses and attorneys' fees to the plaintiff for the evasiveness and lack of response here noted.

AND IT IS SO ORDERED.