**Reese HAMMOND, et al., Plaintiff,**

v.

**COASTAL RENTAL & EQUIPMENT CO., INC., et al., Defendants.**

**Civ. A. No. H–78–1421.**

United States District Court,
S. D. Texas,
Houston Division.

June 14, 1982.

Bernard M. Baum, in charge, Chicago, Ill., William N. Wheat, local, Houston, Tex., for plaintiff.

Sidney Farr, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

On July 25, 1978, plaintiffs instituted this action alleging a violation of a collective bargaining agreement within the terms of 29 U.S.C. § 1132. Specifically, plaintiffs seek to enforce the defendant/employers' obligations to contribute contractually-agreed-upon sums on behalf of those employers' employees, to pension, health and welfare and apprenticeship funds. Plaintiffs are the trustees of these various funds and are charged by law as well as by the terms of the agreements and declaration of trusts establishing and governing these funds to receive and collect contributions from employers for the purpose of funding the pensions and other fringe benefits of the employees of such employers. The defendants are various employers all contended to be owned or controlled by Winston O. Bloodworth, Jr. the president of each company, all maintain offices at the same address and all are assigned the same account number for the purposes of receiving contributions by the Central Pension Fund. Plaintiffs contend that each of these defendants are obligated to submit contributions to the various Funds and they seek specific performance of these contractual obligations and seek to collect any all unpaid or delinquent fringe benefit contributions.

Plaintiffs began their travels through the discovery rules provided by the Federal Rules of Civil Procedure with the notice of deposition of W. O. Bloodworth, Jr. (Winston O. Bloodworth, Jr.), requesting that he appear for deposition on May 31, 1979. That trip can be likened to a visit to Dante's inferno, for plaintiffs now find that almost four years after they filed this action and a little more than three years after they initiated discovery proceedings, the basic documents they need i.e., the payroll records maintained by these various defendant/employers have gone up in flames. The first flame was the result of a 1977 fire at the defendants' premises and in April of 1981, another fire occurred at defendants' premises again destroying many of its records. Since their first discovery request plaintiffs have been primarily concerned with and have requested defendants' payroll records. It is these records that are necessary to the effective prosecution of this action. Although plaintiffs admit that they can attempt to reconstruct some of that data through an audit of what little

records the defendants now have available, these records reflect neither the rates of pay nor the hours of work of the employees and contributions are required to be submitted to the various funds at a contractually-agreed-upon rate per hour of work. Thus, evidence of the hours of work of each employee is critical for a full and complete computation of the required contributions plaintiffs now seek to determine.

The Court does not consider that it is necessary to recapitulate in detail the plaintiffs' torturous path of discovery efforts. To summarize, generally, the deposition of Mr. Bloodworth was noticed on May 31, 1979 but was not taken until November 13, 1979. This delay, plaintiffs argue was occasioned by requests by defendants' counsel for rescheduling of the deposition. Defendants do argue that some of this delay was the result of rescheduling at the request of the plaintiffs. Nevertheless, plaintiffs filed a Request for Production of Documents and included in its second notice of deposition a request to produce certain documents on June 22, 1979. This Request for Production of Documents was extended as a result of requests by counsel for the defendants to reschedule the deposition; the Request for Production was renewed on several occasions informally and formally. Finally, at the November 13, 1979 deposition of Winston O. Bloodworth, Jr., no documents were produced even though the deponent was specifically asked during the course of the deposition to produce various documents which had been previously demanded. Plaintiffs formally requested these documents when during the course of the deposition they were advised for the first time that the documents were "probably" destroyed in the alleged 1977 fire. On March 3, 1980, plaintiffs submitted their sixth written demand for production of requested documents; as of this date, plaintiffs had received no response to their requests and had warned that sanctions would be requested if defendants continued in their failure to comply with discovery obligations. A telephone conference occurred and finally on May 27, 1980, almost a full year after the original request for production

had been served, the defendants did produce some documents. That production, however was totally insignificant. On June 23, 1980, plaintiffs filed their first Motion to Compel. Defendants then responded by asserting that some of the requests were "irrelevant" but did produce some of the requested items. On October 2, 1980, United States Magistrate Frank G. Waltermire issued a comprehensive order granting plaintiffs' Motion to Compel and directing the defendants to produce for inspection and copying various documents on October 15, 1980. Magistrate Waltermire also found that the imposition of sanctions in the form of reasonable expenses including attorney's fees was appropriate and after conducting a hearing, on October 28, 1980, assessed the sum of $1,277.00 to be paid by defendants to plaintiffs. Magistrate Waltermire noted that he would consider further sanctions as provided by Rule 37(b)(2)(A), (B), or (C) of the Federal Rules of Civil Procedure if the defendants failed to comply. The defendants did fail to comply and on January 12, 1981 a hearing was held before this Court for sanctions. It was on this date that the Court excluded Coastal Rental, Inc. from compliance with the discovery requests pending a hearing on the contention that the labor agreement that would require such contributions had been forged. A minor sanction in the form of $200 in attorney's fees was awarded to the plaintiffs. A few items were produced and thereafter, however, again on October 19, 1981, the parties appeared before the Court pursuant to plaintiffs' Motion for Severe Sanctions. The Court ordered the defendants to produce all of the documents sought by the plaintiffs and modified its earlier Order and directed that Coastal Rental, Inc. comply with the discovery requests along with the other defendants. At no time during this hearing, was the Court advised, or seemingly counsel for the plaintiffs advised that the payroll records that the plaintiffs had been seeking for over two years no longer existed because of a fire that occurred in April of 1981 and because no defendant other than Coastal Rental, Inc., which had previ-

ously been excluded from the discovery requests (at least from the period of January 27, 1981 through October 19, 1981) was the only defendant maintaining payroll records. This subsequently was discovered however and after receipt of the defendants' letter of November 3, 1981, purporting to advise the plaintiffs of what it could produce, it became apparent that what was needed and what had been so long requested was now in ashes. It is in this posture that this Court considers plaintiffs' Motion for More Severe Sanctions pursuant to Rule 37.

Plaintiffs' Motion for Severe Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure asserts that had the defendants complied, even belatedly, with the Federal Rules of Civil Procedure or complied with various orders of this Court directing production of the documents sought, including the payroll records, they would have been available to the plaintiffs well before the alleged April, 1981 fire. The effect of this recalcitrance and failure to comply with the orders of this Court has been to severely undercut the plaintiffs' ability to effectively prosecute their action. Plaintiffs contend that if justice is to be done, this Court must enforce one or several of the severest sanctions provided for by Rule 37. Plaintiffs' first position is that this Court should render a judgment by default against the disobedient party (defendants) as provided by Rule 37(b)(2)(C). Plaintiffs cite the Court to a long string of authority for this proposition beginning with *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909) and argue that in each of the several cases cited, the recalcitrance was not as severe as that of the defendants in this action. Although vehemently arguing that a decree of default in favor of plaintiffs should be entered, a second alternative suggested is that provided by Rule 37(b)(2)(A) wherein the Court may fashion an Order directing that certain facts shall be taken as established for the purposes of this action. If this sanction were imposed, plaintiffs ask that the audit that they have prepared regarding the amount of contributions that were to have been made by the defendants

should be deemed accurate and pursuant to Rule 37(b)(2)(B), a sanction would prohibit the defendants from contesting the validity of this audit. The plaintiffs have directed the Court to a long line of authority supporting this proposition. *See*, for example, *State of Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (10th Cir. 1978), *cert. denied*, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978); *VonBrimer v. Whirlpool Corp.*, 362 F.Supp. 1182 (N.D.Cal.1973), affirmed in this respect, 536 F.2d 838 (9th Cir. 1976).

Defendants do not challenge, in the abstract, the authority of this Court to enter more severe sanctions, but basically advance two arguments in support of their position that this Court should not impose sanctions. First, the defendant notes that a $1,277.00 fine has already been assessed against the defendant by United States Magistrate Frank G. Waltermire on October 28, 1980 for failing to comply with his Order of October 2, 1980 directing the defendants to produce for inspection and copying various discovery items requested by the plaintiffs. Moreover a $200 award of attorney's fees was made by this Court on January 27, 1981 after a hearing concluding that the defendants had again failed to comply with Magistrate Waltermire's October 2, 1980 Order. In sum, the defendants argue that they have been punished for their noncompliance and this Court should not consider additional sanctions. The second prong of the defendants' argument further expands on the first. On January 27, 1981, after a hearing on the plaintiffs' Motion to Compel compliance with Magistrate Waltermire's October 2, 1980 Order, Coastal Rental, Inc. explained their noncompliance by asserting through testimony that it contended that a labor agreement between it and a labor union had been forged and their obligations under that agreement were null and void. This Court was anxious to get the discovery moving and excluded Coastal Rental, Inc. from the discovery order and at the same time awarded $200 in attorney's fees payable to the plaintiffs for the defendants' unilateral refusal to comply with the Octo-

ber 2, 1980 Order of Magistrate Waltermire. The defendants now assert for the first time in their Memorandum in Opposition to the Plaintiffs' Motion for More Severe Sanctions that this is the only defendant that accumulated any payroll records between the 1977 fire and the 1981 fire. Therefore, having excluded this defendant from the discovery process pending a resolution of the alleged claim of forgery, by Order of January 27, 1981, there are no unproduced records within the Court's discovery Order of January 27, 1981 that would have been made available to the plaintiffs had the defendants furnished those records to the plaintiffs before the fire in April 1981. Although this Court cannot recall being advised that Coastal Rental, Inc. was the only one of the various defendants that was maintaining payroll records throughout this torturous trail of discovery efforts, it will accept counsel for defendants' assertions in its most recent brief. The whip-saw effect of such an argument is that the defendants have been sanctioned for their noncompliance with Magistrate Waltermire's Order of October 2, 1980 and were again sanctioned (with a $200 award of attorney's fees) on January 27, 1981 for their prior noncompliance, specifically noncompliance between October 2, 1980 and January 27, 1981, and since this Court excused Coastal Rental, Inc. from the discovery proceedings pending resolution of its claim of a forged labor agreement, it was in no way recalcitrant thereafter. The second fire occurred in April of 1981 and those records that were destroyed, albeit the very payroll records that were maintained only by it of all of the defendants cannot be the subject of more severe sanctions.

This latter argument does not even address and certainly does not excuse the defendants' apparent and obvious delay, ob-struction, and noncompliance with the tenor and specific directives of the Federal Rules of Civil Procedure and the Order of Magistrate Waltermire of October 2, 1981. The issue directly presented is whether this Court should order a more severe sanction, having specifically now found that the very payroll records which the plaintiffs have sought and are necessary to a most effective prosecution of their case, although not available since April of 1981, were available during the period of time that plaintiffs initiated their discovery and at the time of previous sanction orders by the Magistrate and this Court. This Court concludes that the effect of the defendants' actions is so egregious that this Court is compelled to grant severe sanctions to punish the defendants for their open defiance of the Federal Rules of Civil Procedure and orders of the Court and to deter others from disregarding these well conceived rules governing orderly discovery.[1]

It is accordingly, ORDERED, ADJUDGED, and DECREED, that plaintiffs' Motion for More Severe Sanctions is hereby GRANTED. The audit that the plaintiffs have prepared regarding the contributions that should have been made to the various Funds by the defendants will be taken as true and correct for the purposes of this action and the defendants will be precluded from claiming that the sums reflected by said audit are inaccurate. Further, plaintiffs are entitled to an award of attorney's fees and costs to be paid to plaintiffs' counsel by defendants for the time, effort, and expenses incurred in filing this Motion for More Severe Sanctions of April 1, 1982. A hearing will be scheduled to hear testimony and receive relevant evidence regarding the amount of reasonable attorney's fees and costs. The parties are directed to meet and confer within ten days of the entry of this

---

1. Although this Court excluded Coastal Rental, Inc. from discovery requests on January 27, 1981, at the last hearing on October 30, 1981, the Court having found no compliance and not being advised that compliance was impossible because of the April 1981 fire, modified its Order and directed that Coastal Rental, Inc. comply with the discovery requests directed to all defendants. Now it appears, that such an Order was no more than an exercise in futility, since the documents that were the key to plaintiff's case, the payroll records, had been, according to the defendants' memorandum of April 12, 1982, destroyed in the April 1981 fire. This of course was not made known until the November 3, 1981 letter of the plaintiffs.

Order and submit to the Court within ten days thereafter a proposed Order agreed to in form only that will govern the conduct of the receipt of the evidence concerning the contributions liability of the defendants, specifically the audit prepared by the plaintiffs.