**Louis CONWAY, Plaintiff,**

v.

**Sgt. R. DUNBAR, et al., Defendants.**

**No. 87 Civ. 3094 (PNL).**

United States District Court,
S.D. New York.

March 1, 1988.

David I. Goldstein, Dubbs De Podwin & Goldstein, Spring Valley, N.Y., for plaintiff.

Joseph A. Maria, Joseph A. Maria, P.C., White Plains, N.Y., for defendants.

OPINION AND ORDER

LEVAL, District Judge.

In a civil rights action[1] against two police officers, the Town of Orangetown and its police department, plaintiff moves for sanctions under Rule 37 Fed.R.Civ.P. for defendants' failure to comply with two explicit discovery orders of this court.

In November, 1987, with the court-ordered close of discovery approaching, plaintiff sought the intervention of the court to compel defendants' compliance with two notices to produce documents dated June 29 and September 8, 1987.[2] The documents

---

1. Plaintiff asserts claims under 42 U.S.C. § 1983 and § 1985 as well as common law claims for false imprisonment, malicious prosecution, and negligence.

Plaintiff's complaint alleges that, subsequent to his arrest on a minor traffic violation, he was beaten by defendants Dunbar and Bjork and two unidentified officers when he refused to submit to a strip search that defendant Dunbar

proposed upon plaintiff's refusal to make a telephone call to arrange for bail.

Plaintiff apparently alleges that the actions of defendant officers were taken in accordance with a municipal policy requiring strip searches of all detainees.

2. Plaintiff served his first notice to produce on June 29, 1987. At a conference with the court on July 31, 1987, defendant indicated that he

and information sought include, *inter alia,* the personnel disciplinary records of defendant police officers, the town's Police Rules and Regulations on which defendants testified they relied in demanding that plaintiff submit to a strip search, and the names of witnesses to the incident besides the four police officers described in the complaint.

At a conference on November 30, over defendants' opposition, I directed defendants to turn over the discovery sought by December 14. Because defendants failed to comply with this order, a second conference was held on December 18. Defendants again opposed production of the police personnel records, offering rather to turn them over to the court for inspection. I directed "on pain of sanctions" that the documents be produced no later than January 8, 1988.

In addition to these two explicit court orders, plaintiff's counsel wrote a series of letters beginning in September and continuing through January reminding defense counsel of the outstanding discovery requests and the court orders requiring compliance. He also alleges that a large number of telephone calls to the office of defense counsel went unanswered.

At no time did defendants seek either a protective order or an extension of time in which to comply. In fact, at the December 18 conference, defense counsel indicated that he had the disciplinary records in his possession and offered to turn them over to the court for redaction of irrelevant material. I ruled the request untimely in light of the protracted delay on the part of defendants and directed that the records be delivered directly to plaintiff's counsel. According to the affirmation of plaintiff's counsel, immediately following the December 18 conference, counsel for defendants declined to turn over the documents and promised instead to deliver them as soon as he had a chance to make copies at his office. Plain-

tiff's counsel has yet to receive these or any of the other documents demanded.

On January 15, 1988 (with a return date of January 26) plaintiff made this motion for sanctions. The defendants have failed to respond. A subsequent letter from plaintiff's counsel to the court noting that the return date had passed without response from defendants (and seeking the entry of judgment) also failed to elicit a response from defendants.

Defendants have not justified their continuing disregard of this court's orders. They have been given more than adequate notice that continued noncompliance would lead to sanctions. As early as November 2, 1987, plaintiff's counsel warned defense counsel of his intent to seek sanctions for the continuing failure to provide discovery. This court's order of December 18, 1987 explicitly threatened sanctions if defendants failed to comply. Yet neither the court's orders nor the bringing on of this motion has led defendants to comply with its undisputed discovery obligations. In these circumstances, severe sanctions under Rule 37 are warranted.[3]

It appears that the discovery witheld is central to the proof of plaintiff's allegations. Conway's complaint alleges that, following his arrest on a minor traffic offense, defendant police officers physically assaulted him when he refused to submit to a strip search. Defendants apparently relied on the Town's police manual in demanding that plaintiff submit to a strip search. The discovery in issue includes the officers' disciplinary records and the Department's rules authorizing strip searches. The potential significance of the documents to plaintiff's case is obvious. Defendants expressly objected to the production of the disciplinary reports.

The court can only conclude that defendants' willful refusal in the face of clear orders to provide discovery is a deliberate

would turn over the personnel disciplinary files of the defendant officers for inspection by the court. He did not do so.

The second notice to produce comprises documents which plaintiff learned of in the course of the deposing defendant police officers.

3. By way of contrast, there is no allegation that plaintiff has failed to produce any of the discovery demanded by defendants.

attempt to obstruct plaintiff's access to documents essential to prove the allegations contained in the complaint. By this obdurate disregard of explicit court orders threatening sanctions, defendants have willfully prevented plaintiff from preparing his case. The imposition of severe sanctions authorized by Rule 37 is therefore justified. *Insurance Corp of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 708, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir.1979); *Paine, Webber v. Inmobiliaria Melia de Puerto Rico,* 543 F.2d 3, 6 (2d Cir.1976), *cert. denied* 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977).

In light of the entire record of defendants' continuing, deliberate witholding of important discovery material, I conclude that an economic sanction in the nature of a fine or award of a money sanction would be inadequate. *Ford v. American Broadcasting Co., Inc.,* 101 F.R.D. 664, 668 (1983), *aff'd without op.* 742 F.2d 1434 (2d Cir.1984), *cert. denied* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). Defendants' obstruction of the discovery process constitutes more than inconvenience and expense to plaintiff. Defendants and their counsel have deliberately blocked plaintiff's access to the proof essential to make out his claim. *See e.g. Shawmut Boston Intl. Banking Corp. v. Duque–Pena,* 767 F.2d 1504, 1507 (11th Cir.1985); *Denton v. Mr. Swiss of Missouri, Inc.,* 564 F.2d 236, 240 (8th Cir.1977); *Transatlantic Bulk Shipping v. Saudi Chartering,* 112 F.R.D. 185, 189 (S.D.N.Y.1986); *Goldman v. Banque de Paris et des Pays–Bas,* 99 F.R.D. 554, 557 (S.D.N.Y.1983). In such a circumstance, this court would be well within its powers under Rule 37 to impose the most severe sanctions authorized. Their conduct is more willful and egregious than the noncompliance described in other cases affirming orders of dismissal.[4] *See e.g., National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976), *cert. denied*

*sub nom United States v. Janis,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976) (dismissal of action upheld in case of "counsel's 'callous disregard' of their [discovery] responsibilities," where protective relief not sought until five days after court-ordered deadline and party had eventually turned over partial responses to discovery requests).

Among the possible remedies, the facts sought to be proved by the unanswered discovery demands might be deemed established. *See* Rule 37(b)(2)(A); *Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 708, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982); *New York Land Co. v. Republic of the Philippines,* 634 F.Supp. 279, 288 (S.D.N.Y.1986), *aff'd* 806 F.2d 344 (2d Cir.1986), *cert dismissed, Ancor Holdings N.V. v. Republic of Philippines,* 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784, *cert. denied,* —— U.S. ——, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987).

In the alternative, this court might strike the answer and grant a "judgment by default against the disobedient party." *See* Rule 37(b)(2)(C); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976), *cert. denied sub nom United States v. Janis,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976) (dismissal of action appropriate sanction for willful failure to comply with discovery orders); *United States Freight Co. v. Penn Central Transp'n Co.,* 716 F.2d 954, 955 (2d Cir.1983) (affirming entry of default judgment for failure to comply with discovery order); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1064 (2d Cir.1979) ("preclusion of evidence tantamount to dismissal" ordered "where a party, fully able to comply with a magistrate's order compelling discovery fails to do so due to a total dereliction of professional responsibility, amounting to gross negligence"); *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1543 (11th Cir.1985) (upholding sanction of default for "bad faith noncom-

---

**4.** Similar tactics by the same attorney have led another judge to impose judgment by default.

*Altschuler v. Samsonite Corp.,* 109 F.R.D. 353 (E.D.N.Y.1986).

pliance with discovery orders"); *Affanato v. Merrill Bros.*, 547 F.2d 138, 141 (1st Cir.1977) (affirming default judgment as sanction for repeated discovery violations that "went well beyond ordinary negligence"); *Local Union No. 251 v. Town Line Sand & Gravel, Inc.*, 511 F.2d 1198 (1st Cir.1975); *Statue of Liberty v. Intl. United Industries*, 110 F.R.D. 395 (S.D.N.Y.1986); *Altschuler v. Samsonite Corp.*, 109 F.R.D. 353 (E.D.N.Y.1986).

Extreme sanctions are justified here not only to prevent a party from reaping the benefit of its noncompliance, *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979), but to create a credible general deterrent to others "who might be tempted to such conduct." *National Hockey League* 427 U.S. at 643, 96 S.Ct. at 2781. *See also Cine Forty-Second Street Theatre Corp.* at 1066 (where party is at fault "courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation"); *United States Freight Co. v. Penn Central Transportation Co.*, 716 F.2d 954, 955 (2d Cir.1983) ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37").

Rather than direct a verdict in plaintiff's favor I will strike defendants' affirmative defenses and preclude defendants from offering any evidence at trial on the issue of liability Rule 37 (b)(2)(B); Rule 37(b)(2)(C). Plaintiff will be required to prove his allegations but defendants will not be permitted to introduce evidence on liability. *C.f. Local Union No. 251 v. Town Line Sand & Gravel, Inc.*, 511 F.2d 1198 (1st Cir.1975) (default on issue of liability); *United States v. Linnas*, 527 F.Supp. 426, 429 (E.D.N.Y.1981), *aff'd* 685 F.2d 427 (2d Cir.), *cert. denied* 459 U.S. 883, 103 S.Ct. 179, 74 L.Ed.2d 146 (1982) (deeming facts established as alleged but permitting rebuttal by defendant because of severity of consequence [loss of citizenship] at stake); *Ham-*

*mond v. Coastal Rental & Equipment Co.*, 95 F.R.D. 74 (S.D.Tex.1982) (taking plaintiff's proffered evidence as true and precluding defendant from introducing evidence).

I recognize that courts should be wary lest neglect by counsel result in great prejudice to innocent clients. This case, however, clearly involves willful, tactically motivated obstruction of plaintiff's discovery, rather than mere neglect by counsel. The steps taken have been designed to achieve a tactical advantage. Such obstruction should not be permitted to achieve its objectives. *See e.g. Taylor v. Illinois,* —— U.S. ——, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (affirming exclusion of testimony of witness for criminal defendant as sanction for "willful and blatant" violation of discovery rule or violation "motivated by a desire to obtain a tactical advantage"). *See also Cine Forty-Second St. Theatre*, 602 F.2d at 1067–1068; *Altschuler v. Samsonite Corp.*, 109 F.R.D. 353, 357 (E.D.N.Y.1986); *Urban Electrical Supply v. New York Convention Center*, 105 F.R.D. 92, 99 (E.D.N.Y.1985).[5]

Furthermore defendants are once again directed on pain of further sanctions to comply fully with the outstanding discovery demands.

An additional sanction of $2000. is awarded in part to compensate plaintiff for the burdens imposed by defendants' conduct, including the need to write letters, make motions and attend court conferences.

SO ORDERED.

---

**5.** "Considerations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence.... But where gross professional negligence has been found—that is, where counsel clearly should have understood his duty to the court—the full range of sanctions may be marshalled" *Cine Forty-Second St. Theatre,* 602 F.2d at 1068.