Cruz NEGRON, Plaintiff-Appellant,

v.

PENINSULAR NAVIGATION CORP., Defendant-Appellee.

No. 373, Docket 26152.

United States Court of Appeals Second Circuit.

Argued June 13, 1960.

Decided June 23, 1960.

Seymour S. Detsky, New York City (William B. Jacobs, New York City, of counsel), for appellant.

Kirlin, Campbell & Keating, New York City (William R. Mackey, Charles N. Fiddler, Louis J. Gusmano, New York City, of counsel), for appellee.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

PER CURIAM.

On or about November 19, 1958 appellant, a seaman, allegedly sustained injuries aboard the S. S. Valley Forge, a vessel owned by appellee. On March 23, 1959 appellant commenced an action against appellee in the Southern District of New York. Appellee served a notice to take appellant's deposition, the notice being returnable on July 1, 1959 at 2:30 P.M. On that date appellant failed to appear. On September 8, 1959 appellee moved, pursuant to Rule .37(d) of the Federal Rules of Civil Procedure, to dismiss the complaint because of the nonappearance. In opposition to the motion appellant's attorney stated by affidavit, *inter alia,* that his client at the beginning of September had commenced a two-month voyage. On September 22 Judge Sugarman granted appellee's motion unless appellant should submit to examination on or before November 16, 1959. On November 5 appellant's attorney received a letter from appellant advising that his ship would not reach New York until after November 16. It is not contradicted in the appeal record before us that appellee's attorneys were contacted and counsel orally agreed to suspend entry of judgment until at least December 1, and appellee's attorneys were informed that appellant's vessel might not reach New York prior to December 20. It was agreed that appellant's examination should occur on that date. On December 3 appellee moved, *ex parte,* to dismiss the complaint pursuant to the September 22 order. The following day Judge Sugarman granted the motion. On January 12, 1960 appellant moved that the December 4 entry of judgment be vacated. On January 28, Judge Dawson issued an order denying the January 12 motion, and from this order appellant appeals.

■■ Judgments of dismissal pursuant to Rule 37(d) may be attacked by a motion under Rule 60(b). Such motions invoke the discretionary power of the court, Fischer v. Dover S. S. Co., 2 Cir., 1955, 218 F.2d 682, but, despite this, we reverse the district judge for we think on the evidence before him he abused his discretion in denying appellant's motion. We think it clear that the September 22 order was framed so as to permit appellant to subject himself to examination

* Of the Ninth Circuit, sitting by designation.

after the completion of his voyage and that appellee's attorneys on December 3 knew the voyage had not been terminated, and, knowing that, had then orally agreed to examine appellant on a subsequent date.

Reversed.