SOUTHERN CONSTRUCTION CO., INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, FRANK VIZCARRONDO VIVAS, JUDGE, Respondent; JACINTO CASABLANCA, JR., Intervener.

No. C-62-33.    Decided March 29, 1963.

*Beverley, Castro & Rodríguez Lebrón* and *William Beverley* for petitioner. *Enrique Alcaraz Casablanca* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Jacinto Casablanca, Jr. subcontracted with Southern Construction Co., Inc. for the construction of certain work. Difficulties arose in the performance of the work and Casablanca alleges that the action of Southern Construction caused damages to him. In the claim for damages filed it is alleged that "defendant repeatedly ordered plaintiff to remain in the construction area with all his equipment and personnel, but prevented him from working in his subcontract by failing to deliver the lands duly prepared so that plaintiff could work out his project, thereby compelling him several times to stop work and to remain idle with his machinery and personnel, all of which was due to defendant's fault and negligence."

Defendant moved for summary judgment. It alleged that there was no controversy on the facts and that the contract provided for situations such as that which served as cause of action, by providing in Art. III(d) that "Should Sub-Contractor be delayed in his work by Contractor, then Contractor shall owe Sub-Contractor therefor only an extension of time for completion equal to the delay caused and then only if a written claim for delay is made to Contractor within forty-eight hours from the time of the beginning of the delay." [1]

Summary judgment dismissing the complaint was rendered on January 25, 1962. On the following February 5 plaintiff filed a motion to set aside the summary judgment and for leave to file an amended complaint. The trial court complied and to review its action we issued a writ of certiorari.

---

[1] The English version is copied in the text.

■■ The setting aside of a judgment is a matter within the discretion of trial courts. *Iturriaga* v. *Fernández; Fernández, Int.*, 78 P.R.R. 29 (1955) ; *Greer* v. *Pérez*, 59 P.R.R. 573 (1941) ; *Piris* v. *Hernández*, 59 P.R.R. 700 (1942) ; *Parker* v. *Broadcast Music, Inc.*, 289 F.2d 313 (2d Cir. 1961) ; *Negrón* v. *Peninsular Navigation Corp.*, 279 F.2d 859 (2d Cir. 1960). In *Iturriaga* we reiterated the rule that "the determination of the trial court will not be disturbed on appeal unless a clear abuse of discretion is shown." In *Sellés* v. *Buxó*, 51 P.R.R. 493 (1937),[2] we stated the well-established rule that the discretionary power to relieve parties from the effects of a judgment should be exercised in a liberal manner, with a view to insure the disposition of causes upon their merits.

■■ Rule 49.2 of the Rules of Civil Procedure provides that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment. . .for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." However, the discretion to be exercised by the judge in these cases, like every judicial discretion, must be rooted in a sound and weighted judgment based upon all concomitant factors always having in mind the duty of his ministry: to administer justice. "Such decision must be rooted in a sound discretion, based upon a fair consideration of the total evidence and grounded upon principles of justice and fair dealing. It is not a mental discretion but an impartial discretion guided by fixed legal principles 'to be exercised in conformity with the spirit of the law, and in a matter to subserve and not to impede or defeat the ends of substantial justice.' " *Caton* v. *Caton*, 280 P.2d 876 (Cal. 1955). It is alleged that the setting aside of

---

[2] The cases of this Court decided prior to September 1, 1943, when the first Rules of Civil Procedure took effect, construed § 140 of our Code of Civil Procedure, counterpart of § 473 of the Code of Civil Procedure of California, which is substantially the same as Federal Rule 60 (b) and equal to Rule 60 (b) of the Rules of 1943 and similar to Rule 49.2 of 1958. For that reason they are still applicable.

a judgment, and it must not be overlooked that in this case it was summarily obtained, delays the solution of suits. However, it is necessary to establish a fair balance between the intention, highly desirable, of disposing of cases promptly and of granting to the parties an opportunity so that the court may take cognizance of the controversy on the merits in order that substantial justice may be done. See *In re Strobeck's Estate*, 245 P.2d 317 (Cal. 1952).

■ The following is cited in *United States* v. *Gould*, 301 F.2d 353 (5th Cir. 1962), from 7 MOORE, Federal Practice 225, § 6019 (2d ed.), laying down the rules to be borne in mind in passing upon a motion to set aside a judgment:

"Where the district court has the power to act, pursuant to the provisions of Rule 60(b), relevant propositions and factors that it may consider in exercising its discretion are: the general desirability that a final judgment should not be lightly disturbed; the procedure provided by Rule 60(b) is not a substitute for an appeal; the Rule should be liberally construed for the purpose of doing substantial justice; whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, and whether there is merit in the defense or claim, as the case may be; if relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack, bearing always in mind that the principle of finality of judgments serves a most useful purpose for society, the courts, and the litigants—in a word, for all concerned."

With these rules in mind, let us consider the situation which respondent judge had under consideration in order to

determine whether he abused his discretion in vacating the summary judgment.

In the allegation copied hereinabove plaintiff contends that defendant failed "to deliver to him the lands duly prepared to enable him to work in his project, thereby compelling him several times to stop work and to remain idle with his machinery and personnel, all of which was due to defendant's fault and negligence."

In passing upon the motion for summary judgment, the court considered the averment copied as a mere allegation that defendant had caused delays to plaintiff in the execution of the work and applied the contractual provision invoked. However, the motion to vacate the summary judgment was accompanied by an amended complaint enlarging the allegation contained in the original complaint.[3] Rule 13.1 of the Rules of Civil Procedure provides that "leave [to amend a

---

[3] The additional facts are the following:

"That defendant, negligently and knowing that the lands were not prepared so that plaintiff could proceed with the work, demanded and compelled plaintiff, under threat of terminating the contract, to remain idle in the land with the machinery and equipment and the entire personnel knowing that it was unnecessary.

"That defendant, through its contractor SAM P. WALLACE and other agents, destroyed works terminated by plaintiff and the latter had to do them over at his own expense, the destruction of which occurred when heavy vehicles and mixed-concrete trucks passed over the sidewalks and curbs already constructed by plaintiff, destroying them in such a way that it was necessary to make them over; and that they also unlevelled the land of the roads in such a way that they had to be relevelled without plaintiff having been compensated for additional work.

"That defendant, by itself or through its agents, opened ditches in the lands to be paved by plaintiff and filled them with noncompactible material which plaintiff had to remove and replace at an additional cost for which he was not compensated.

"That defendant, by itself or through its agents, deposited mud and mixed cement on the roads already terminated but which plaintiff had not delivered, it having been necessary for him to clear them at his own expense and without being compensated by defendant.

"That it was necessary for plaintiff to rebuild the entrance road, parking lot, service drives, curbs and gutters which were destroyed by defendant without receiving compensation therefor."

pleading] shall be freely given when justice so requires." A controversy of facts appears clearly from the amended complaint.

■ The requirements pointed out by Moore to be considered in vacating a judgment are present in this case. The motion was filed hardly ten days after judgment was rendered; the case has not been considered on the merits, and justice is certainly better administered by considering the case on the merits rather than by upholding the judgment rendered. Regarding the provision of the Code of Civil Procedure of California on which Rule 49.2 was patterned, it was said: "The very purpose of section 473 is to give a party 'the opportunity of repairing the damage done because of his failure or that of his counsel to make the showing he could have made, provided, of course, that that failure is due either to mistake, inadvertence, surprise or excusable neglect.'" *Bergloff* v. *Reynolds*, 5 Cal. Rptr. 461 (1960); *Stephens* v. *Baker & Baker Roofing Co.*, 280 P.2d 39 (Cal. 1955). The trial court acted correctly in vacating the judgment and granting leave to file the amended complaint. What happened in this case was certainly due to error or inadvertence, since conceivably plaintiff could have understood that the complaint was sufficient to establish clearly the additional elements which he included in his amended complaint. The trial court could have rightly considered the motion for summary judgment as a motion for judgment on the pleadings, and in passing upon the same to grant leave to plaintiff to amend the complaint. See 1A BARRON & HOLTZOFF, Federal Practice & Procedure, Rules Edition 720–21, § 444 (1960 ed.); *cf. Castner* v. *First National Bank of Anchorage*, 278 F.2d 376 (9th Cir. 1960).

In view of the foregoing, the writ issued will be quashed and the case remanded for further proceedings.