TECNART INDUSTRIA E COMERCIO LTDA., Plaintiff,

v.

NOVA FASTENERS CO., INC., Defendant.

No. 84 CV 3352.

United States District Court, E.D. New York.

Aug. 13, 1985.

Michael F. Dennis, Mineola, N.Y., for plaintiff.

Abrams & Thaw, Farmingdale, N.Y. (Bruce R. Thaw, Farmingdale, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant, a New York corporation, moves pursuant to Fed.R.Civ.P. 60(b)(1), (4) and (6) for relief from a default judgment. For the reasons developed below, the motion is granted on the conditions set forth.

### Facts

This is an action for goods sold and delivered. Plaintiff, a Brazilian corporation, filed its complaint on August 10, 1984, and mailed a summons and complaint to defendant in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). As required by that Rule, plaintiff enclosed with the summons and complaint a Form 18–A "Notice and Acknowledgment of Receipt of Summons and Complaint." Defendant's president completed Form 18–A, acknowledging receipt of the summons and complaint on August 17, 1984. He also wrote the following at the bottom of the Form: "I will be out of the country until Sept. 3, 1984. Will fill out forms upon my return. Thank you. /s/ Warren Kutok." Mr. Kutok took no further action.

By letter dated September 24, 1984, plaintiff's counsel notified defendant that it was in default, and that unless defendant answered the complaint by October 1, 1984, plaintiff would seek a default judgment.

Again defendant took no action. Finally, on January 4, 1985, the Clerk of the Court noted defendant's default; and on February 6, 1985 the Clerk entered a default judgment in the amount of $31,006.11. The present motion was filed on May 3, 1985.

### Discussion

Defendant's motion is brought under Fed.R.Civ.P. 60(b)(1), (4) and (6). Rule 60(b) provides that a court may relieve a party from a final judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment."

Courts applying Rule 60(b)(1) to default judgments have established criteria. These include: (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the prejudice inuring to the non-defaulting party if relief is granted. *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983) (citing cases). Applying these citeria to the record before me, and mindful that the law favors the resolution of disputes on the merits, I conclude that defendant's conduct, though deplorable, does not justify the extreme sanction of a default judgment.

### 1. Willfulness of Defendant's Conduct

Defendant's president denies that defendant willfully defaulted in this action. Rather, he asserts that as a layman he is unfamiliar with litigation and did not realize that when he acknowledged receipt of a summons and complaint, he had been "served" within the meaning of the law. He simply instructed his secretary to file the papers he had received.

Similarly, Mr. Kutok claims that because he never realized he had been properly served, he ignored plaintiff's letter of September 24, 1984, and placed it in his files "to await proper service by a process server." Affidavit of Warren L. Kutok ¶ 13. Mr. Kutok took no action at all, notwithstanding the clear language of the September 24 letter reminding him that he had

acknowledged "service of the summons and complaint."

■ Defendant's excuse for inaction is pathetic. It is inconceivable to the Court that a responsible businessman would simply file away legal papers naming his company a defendant in a lawsuit, ignore a subsequent letter reminding him of his obligations, and then seek relief only after the sheriff arrived at his door to execute a judgment. Defendant's own papers establish that, notwithstanding the reasons therefor, the default was willful: Mr. Kutok deliberately chose to ignore valid legal process that he acknowledged receiving.

### 2. Existence of Meritorious Defenses

■ Before a default judgment will be vacated, defendant must demonstrate that it has meritorious defenses to the complaint. Defendant need not conclusively establish the validity of those defenses, *Davis v. Musler, supra,* 713 F.2d at 915, but must make some showing of their existence other than mere allegations.

Defendant has adduced evidence of the business transactions between the parties that tends to show that plaintiff may ultimately be entitled to far less than the amount awarded in the default judgment. Specifically, defendant's papers establish that when it notified plaintiff of defects in many of the goods sold to it by plaintiff, plaintiff credited defendant's account. While the validity of this defense must of course be tested at trial, defendant has nevertheless demonstrated its existence at this stage.

### 3. Prejudice to Plaintiff

■ No evidence exists that plaintiff will be unduly prejudiced if defendant's motion is granted. Concededly, some delay will result, but that alone does not establish prejudice. *Davis v. Musler, supra,* 713 F.2d at 916. "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of dis-

covery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2699, at 536–37 (1983) (footnote omitted) ). No such showing has been made here.

## CONCLUSION

■ Notwithstanding defendant's lamentable conduct in ignoring service of process, it is clear under the law of this Circuit that the motion to vacate the default judgment must be granted. *Davis v. Musler, supra; Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). This is the first opportunity this Court has had to review defendant's conduct; the Draconian remedy of a default judgment, therefore, cannot be employed as yet.

Rule 60(b) allows the Court to vacate a judgment "upon such terms as are just." The Court will vacate the default judgment on the terms and conditions enumerated below.

It is hereby ORDERED that the Clerk of the Court shall vacate the default judgment entered against defendant. This Order is conditioned upon defendant's posting of a bond in the amount of $5,000.00, not later than August 30, 1985, to secure plaintiff for any costs, disbursements, or counsel fees to which plaintiff may subsequently be entitled.[1] Defendant shall answer or otherwise move with respect to the complaint not later than September 13, 1985. Because defendant's motion has been granted under Rule 60(b)(1), there is no need to discuss the claims for relief under subparagraphs (4) and (6).

SO ORDERED.

---

1. The Court has considered defendant's claim that it is unable to afford the cost of a bond. That claim has been rejected in favor of plaintiff's entitlement to some security in return for the granting of this motion.