**Ronald L. KROME, Scott Freeman, Raymond Jackson and Carl Sacks, Trustees of the University Emergency Services Profit Sharing Trust, Mildred Sharkey, Michael Courtney and Robert Pacquett, Trustees of Eastside Wholesale Supply Employees Pension Plan and Trust, John J. O'Keefe, Joseph Stamell and James Peterson, Sr., Trustee of the Greenfield Lumber Co. Employee Profit Sharing Trust, Plaintiffs,**

v.

**MERRILL LYNCH & CO., INC. and Merrill Lynch, Pierce, Fenner & Smith Incorporated, Defendants.**

No. 85 Civ. 765 (DNE).

United States District Court,
S.D. New York.

July 11, 1986.

Milberg Weiss, Bershad, Spechtrie & Lerach, New York City, Patricia M. Hynes, of counsel, Nelson Chase, West Bloomfield, Mich., Issler Harding & Schrage, P.C., New York City, Harry Issler, of counsel, Lovell & Stewart, New York City; Christopher Lovell, of counsel & Jared Stamell, New York City, for plaintiffs.

Rogers & Wells, New York City, William P. Rogers, William F. Koegel, James N. Benedict and Thomas R. Slome, of counsel, for defendants.

OPINION AND ORDER

EDELSTEIN, District Judge:

Defendants have moved pursuant to Rule 60(a) and 60(b)(1) of the Federal Rules of Civil Procedure to vacate that portion of this court's Opinion and Order dated June 17, 1986 ("June 17 Opinion") relating to plaintiffs' motion for class certification. Defendants assert that the decision relating to the class certification was rendered as a result of mistake and inadvertance, *see* Background section of Opinion. Plaintiffs

oppose the motion based on the failure of defendants to demonstrate a meritorious defense to class certification and prejudice that they claim will occur should the motion to vacate be granted. The defendants' motion is hereby granted. Defendants are to submit opposing papers to the motion for class certification within 21 days of this opinion. Plaintiffs' reply, if appropriate, shall be filed 7 days thereafter.

## BACKGROUND

On May 28, 1985, defendant filed a motion to dismiss certain of the claims contained in the Consolidated and Amended Class Action Complaint. On June 3, 1985, plaintiff filed a motion to certify the class pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure. The motion for class certification was not made returnable on a specific date but was made returnable "on a date to be set by the Court." As noted in the Court's June 17 Opinion, the court did not receive any opposition papers regarding the class certification motion. *Krome v. Merrill Lynch & Co.,* 637 F.Supp. 910, 920 (S.D.N.Y.1986). The court certified the class based on the uncontradicted papers submitted by plaintiffs.

Defendants have indicated that they intended to obtain discovery from plaintiffs in connection with the class certification motion and that defendants intended to file papers in opposition to the class certification motion following that discovery. Defendants also describe a conversation between defendants' counsel and plaintiffs' liaison counsel in which the scheduling for the submission of opposition and reply papers was discussed. It is asserted that counsel for both sides agreed that following that completion of discovery relating to the class certification issue, the two sides would "attempt to work out a mutually acceptable briefing schedule" with respect to the class certification motion. Affidavit of James H. Benedict Submitted in Support of Defendants' Motion to Vacate Dated July 1, 1986 at 2. In the papers submitted in opposition to the motion to vacate, plain-

tiffs do not dispute this version of the facts. Under these circumstances, the court accepts them as true.

## DISCUSSION

■ Defendants have moved pursuant to Rules 60(a) and 60(b)(1) to vacate the portion of the June 17 Opinion and Order relating to the class certification motion. Defendants seek an opportunity to submit papers in opposition to the class certification motion. Rule 60(a) and 60(b), however, are not the appropriate bases for relief in this case.

Rule 60(a) is limited to correction of clerical errors. There is no clerical error asserted by defendants. ·Rather, a decision was rendered on the unopposed class certification motion because the agreement between the parties to defer a response to the motion was not considered by the court.

Rule 60(b) is likewise inapplicable to the present case. The rule only applies to a "final judgment, order or proceeding." Fed.R.Civ.P. 60(b). The rule does not affect the court's inherent power to grant relief from interlocutory judgments or orders. *Gagne v. Carl Bauer Schaubenfabrick, GmbH,* 595 F.Supp. 1081, 1083 & n. 2 (D.Me.1984); Fed.R.Civ.P. 60 advisory committee note, 1946 amendment; *see Oliner v. McBride's Industries, Inc.,* 102 F.R.D. 561, 561 n. 1 (S.D.N.Y.1984); *Vaughn v. Regents of the University of California,* 504 F.Supp. 1349, 1351 (E.D. Cal.1981); 11 C. Wright & A. Miller, Federal Practice and Procedure (Civil) § 2852, at 145 (1973 & Supp. 1986). The granting and denial of a motion for class certification are not final orders. *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (order refusing to certify class appealable only if it comes within exception to final-judgment rule); *White Industries, Inc. v. Cessna Aircraft Co. (In re Cessna Aircraft Distributorship Antitrust Litigation),* 518 F.2d 213, 215 (8th Cir.) (granting of class certification motion not sufficiently "final" to justify appellate review), *cert. denied,* 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 414 (1975);

*Kohn v. Royall, Koegel & Wells,* 496 F.2d 1094, 1096 (2d Cir.1974) (granting of class certification may be subject of interlocutory appeal in some instances). Therefore, the court may exercise its inherent power to grant relief from the order in this case.

■ The court has considered the agreement between the parties regarding the filing of opposing papers. The court was not aware of this agreement at the time the June 17 Opinion was rendered. *Cf. Negron v. Peninsular Navigation Corp.,* 279 F.2d 859, 860 (2d Cir.1960) (per curiam) (abuse of discretion for court not to grant relief under Rule 60(b) of the Federal Rules of Civil Procedure where judgment was entered against party for failing to appear at a scheduled deposition and, unbeknownst to the court at the time judgment was entered, the parties had agreed to adjourn that date). The court has also considered the ambiguity regarding the return date on the face of the motion papers. *Cf. Ellingsworth v. Chrysler,* 665 F.2d 180, 184 (7th Cir.1981) (failure to appear on scheduled trial date excused where there was confusion regarding setting of trial date). These factors weigh in favor of granting defendants' motion. Finally, it is preferable to resolve matters on the merits. *Kumar v. Ford,* 111 F.R.D. 34, 39 (S.D.N.Y.1986).

Plaintiffs have indicated that they will be prejudiced in their ability to complete discovery and prepare for trial should the motion to vacate be granted. Specifically, plaintiffs note that defendants have objected to certain discovery requests claiming that the material requested presumes the existence of a class action. While increased difficulty in obtaining evidence is a factor to be considered, *cf. Sony Corp. v. S.W.I. Trading, Inc.,* 104 F.R.D. 535, 541 (S.D.N.Y.1985) (difficulty in obtaining evidence a factor under motion under Fed.R. Civ.P. 60(b) ), there has been no indication that the information requested will not be available should the motion for class certification be granted at a later date. The court has also considered plaintiffs' concern in setting a deadline for the submission of opposition papers.

Plaintiffs also indicate that granting the motion will subject the parties to additional discovery and place a burden on the parties. While the discovery process in this case is undoubtedly a burdensome one, plaintiffs had agreed to and had participated in discovery relating to the class certification issue. The granting of the motion does not place any burden on plaintiffs that they were not under prior to the issuance of the June 17 Opinion.

Finally, plaintiffs oppose the granting of any relief pointing to the fact that defendants have not presented a meritorious defense to the class certification motion. While this might preclude the granting of a motion under Rule 60(b), *see Kumar v. Ford,* 111 F.R.D. 34, 38 (S.D.N.Y.1986); 11 C. Wright & A. Miller, *supra,* § 2857, at 161, it is not a bar to the exercise of the court's inherent power. The presentation of a meritorious defense is, however, a factor that the court should consider in exercising its power. Defendants in their reply papers have outlined what they believe to be defenses to the class certification motion. Some of these defenses relate to the adequacy of the named plaintiffs to represent the class. At this point the defendants need not conclusively establish the validity of these defenses. *Cf. Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (showing required under Rule 60(b) motion). Defendants have made a showing of the existence of these defenses and this is sufficient. *Cf. Tecnart Industria E. Comercio Ltda. v. Nova Fasteners Co.,* 107 F.R.D. 283, 285 (E.D.N.Y.1985) (showing required under Rule 60(b) motion).

Having considered all of the above factors, defendants' motion is granted and that portion of the June 17 Opinion relating to class certification vacated.

## CONCLUSION

Defendants' motion for relief from the portion of the June 17, 1986 Opinion relating to class certification is granted. The

portion of the Opinion relating to class certification is hereby vacated. The decision is based on the inherent power of the court and not on Rule 60 of the Federal Rules of Civil Procedure on which defendants rely.

Defendants are to submit opposition papers to the motion for class certification within 21 days of this Opinion. Plaintiffs are to file any reply, if appropriate, 7 days thereafter.

SO ORDERED.