SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Robert F. HASHO, Benjamin F. Hasho, William X. Mecca, Robert B. Yule, Kevin B. Sullivan, David C. Dever, Richard A. Chennisi, Aurelio Vuono, Philip Falcone, Michael F. Umbro, Defendants.

90 Civ. 7953 (DNE).

United States District Court, S.D. New York.

Feb. 11, 1991.

S.E.C., New York City (Edwin H. Nordlinger, Jeffrey Plotkin, Allen Meyer, David W. Miller, of counsel), pro se.

Ormsten & Evangelist, Jericho, N.Y. (Franklin D. Ormsten, of counsel), for defendant Robert Hasho.

## OPINION & ORDER

EDELSTEIN, District Judge:

Defendant Robert Hasho has moved to vacate the default judgment entered against him on December 27, 1990. For the following reasons, defendant's motion is granted.

## I.  BACKGROUND

On December 13, 1990, the Securities and Exchange Commission (the "SEC" or "plaintiff") filed its complaint in this action alleging that defendants engaged in unlawful high pressure sales of speculative stock to unwary customers and caused trades to be entered in customer accounts without customer authorization. Also, on December 13, 1990, the SEC applied for an order to show cause and order expediting discovery (the "Order") in connection with a motion for a preliminary injunction. This Court signed the Order and set a return date for a hearing on the SEC's motion for January 14, 1991.

The Order authorizes the parties to take depositions upon oral examination of all defendants and non-parties subject to three days notice. The Order also authorizes the parties to make requests for the production of documents returnable within three days of service of such a request.

On December 14, 1990, defendant Robert Hasho ("defendant") was personally served with all the papers in the action, a request for the production of documents, and a notice of deposition. The request for the production of documents called for defendant to produce certain documents on December 17, 1990. The notice of deposition called for defendant to appear and testify at the SEC's New York Regional Office on December 19, 1990.

Defendant did not produce the documents requested, but did appear for his deposition on December 19, 1990. At that time, defendant was sworn as a witness, but refused to answer questions because he had not yet procured counsel to represent him. Plaintiff agreed to adjourn defendant's deposition to December 24, 1990. On the morning of December 24, defendant informed plaintiff that he would not appear for the deposition.

On December 26, 1990, plaintiff contacted my chambers regarding the difficulties it was having in obtaining discovery from a number of defendants, including Robert Hasho. This Court ordered that a conference be held on December 27, 1990 at 9:30 a.m., and instructed plaintiff to notify the recalcitrant defendants of the order. Although plaintiff notified Robert Hasho of the conference and told defendant that it was going to seek a default judgment against him, defendant failed to appear at the conference.

At the December 27, 1990 conference, plaintiff sought an order pursuant to Fed. R.Civ.P. 37 holding defendant in default in connection with his failures to provide discovery to plaintiff and for his failure to appear at the court ordered conference. This Court held defendant in default and ordered the recalcitrant defendants to attend a conference before this Court on January 2, 1991.

Defendant appeared at the January 2, 1991 conference through counsel. At this conference, the Court ordered defendant, and the other recalcitrant defendants, to provide discovery to the SEC. On January 4, 1991, after another conference, the parties entered a stipulation maintaining the status quo in order to resolve a number of problems with discovery. The January 14, 1991, hearing date was adjourned *sine die*. On January 8, 1991, Robert Hasho testified at depositions and provided documents pursuant to the request for production.

## II. DISCUSSION

■■■ Pursuant to Fed.R.Civ.P. 37, a court may impose a range of sanctions for a party's failure to cooperate in discovery. The sanctions range from an order to reimburse the opposing party for expenses caused by the failure to cooperate to orders of dismissal and default judgment. These sanctions serve three purposes: (1) they ensure that a party will not profit from his own failure to comply; (2) they serve as a specific deterrent to secure compliance in the case at hand; and (3) given that a party is at fault, they may serve as a general deterrent to other parties in the case, or parties in other cases. *Cine Forty–Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1066 (2d Cir.1979) (citations omitted). Dismissal and default judgment are the harshest sanctions available under Rule 37 and are to be deployed "only in rare situations." *Id.* at 1064; *see U.S. Freight Co. v. Penn Central Transp. Co.*, 716 F.2d 954, 955 (2d Cir.1983) (involving a "continuing saga of dilatory conduct"); *Penthouse Int'l, Ltd. v. Playboy Enter.*, 663 F.2d 371, 388 (2d Cir.1981) (involving perjurious testimony and false representations of counsel against a background of prolonged and vexatious obstruction of discovery); *Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3, 6 (2d Cir.1976) (involving willful failure to appear at a deposition for over seven months and failure to produce documents), *cert. denied*, 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977).

■■■ Pursuant to Fed.R.Civ.P. 60(b)(1); a party may seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Courts in this Circuit have gone beyond the bare wording of Rule 60(b)(1) and have established a three factor test which looks at: (1) whether the default is willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983). All doubts are to be resolved in favor of the party seeking relief under Rule 60(b) so as to ensure that actions will be resolved on their merits. *Kumar v. Ford*, 111 F.R.D. 34, 39 (S.D.N.Y.1986); *see Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (there is a "strong policy favoring the resolution of genuine disputes on their merits"). Further, Rule 60(b) should be interpreted "to preserve the delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of all the facts." *First Fidelity Bank v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir.1989) (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)).

In the instant action, this Court entered a default judgment against defendant on December 27, 1990, because of his failure to appear for his deposition, his failure to produce documents, and his failure to appear at a court ordered conference. At the time this Court entered the default judgment against defendant, it appeared as if he had willfully disobeyed the discovery process and would continue to do so. After the default was entered, defendant appeared through counsel at the next sched-

uled conference on January 2, 1991. Subsequently, defendant produced the documents requested and defendant was deposed. At the conference on January 4, 1991, the parties entered into a stipulation to maintain the status quo and to adjourn the January 14, 1991 hearing date.

It is clear that defendant's failure to provide discovery was willful. Defendant knew of his scheduled deposition, but failed to attend; defendant knew of plaintiff's request for the production of documents, but failed to produce them; and, defendant knew of the court ordered conference on December 27, 1990, but failed to attend. Although defendant claims that he was confused and scared and could not retain counsel, he could have appeared *pro se* and explained his woes to the court.

■ The next inquiry is whether defendant has demonstrated that he has "meritorious defenses" to the complaint. To meet this burden, defendant need not conclusively establish the validity of these defenses. *Davis v. Musler*, 713 F.2d at 916; *Technart Industria E. Comercio Ltda. v. Nova Fasteners Co.*, 107 F.R.D. 283, 285 (E.D.N.Y. 1985). Defendant vigorously denies the allegations in the complaint and offers different accounts than plaintiff of the events which form the basis of the claims against him. Although "mere allegations" are usually not alone sufficient to establish meritorious defenses, *Technart*, 107 F.R.D. at 285, the case against defendant will turn on the credibility of plaintiff's witnesses and the credibility of defendant. Accordingly, for purposes of this motion, defendant has established that he has meritorious defenses; the validity of these defenses will be tested at trial.

With respect to possible prejudice, plaintiff does not contend that it would be prejudiced if the judgment were vacated. Moreover, this Court does not find any prejudice. Whether or not the defendant is held in default, this action will proceed without delay. Further, defendant has participated in the discovery process and represents that he is ready to proceed to the merits. In light of these circumstances, the severe sanction of a default judgment is not appropriate.

Rule 60(b) allows the Court to vacate a judgment "upon such terms as are just." Because defendant willfully failed to comply with discovery and caused the default judgment to be entered, it is appropriate to impose the reasonable costs and attorney's fees incurred by plaintiff as a result of defendant's failures to comply with discovery and in opposing this motion by defendant. Within ten days of this opinion, plaintiff is to file an affidavit and supporting documentation setting forth in detail the costs and attorney's fees incurred as a result of defendant's failures to comply with discovery and in opposing this motion.

### III. CONCLUSION

For the reasons stated above, defendant Robert Hasho's motion to vacate the default judgment is granted. The default judgment entered against defendant Robert Hasho is hereby vacated. Plaintiff is awarded the reasonable costs and attorney's fees incurred as a result of defendant's failures to comply with discovery and in opposing this motion by defendant. Within 10 days of this opinion, plaintiff shall file an affidavit and supporting documentation relating to these costs and fees.

SO ORDERED.