**Robert Kimberly MITCHELL, Jr., Plaintiff,**

**v.**

**GREENWOOD BANK OF BETHEL, INC.,** Charles V. Austin, James M. Mannion, Arthur J. Mannion, Jr., Edward J. Paradise, Sr., Anthony E. Caraluzzi, Jr., Michael S. Cardillo, Sr., John D. Carroll, Elsie Del Monte, Robert G. Kovacs, Mary G. McCollam and Charles A. Steck, III, Defendants.

No.  91–CV–0708.

United States District Court, N.D. New York.

July 19, 1993.

Fritzsch & Nagel (Craig R. Fritzsch, of counsel), Binghamton, NY, for plaintiff.

Ainsworth, Sullivan, Tracy Knauf, Warner and Ruslander (Colleen M. O'Connell, of counsel), Albany, NY, for Federal Deposit Insurance Corp., as Receiver for defendant Greenwood Bank of Bethel, and its directors and officers.

## DECISION and ORDER

McAVOY, Chief Judge.

## I. FACTS

This action, commenced on June 21, 1991, was originally brought by First Albany Corporation and Robert Kimberly Mitchell, Jr. ("Mitchell" or "plaintiff") against Greenwood Bank of Bethel, Inc. ("Greenwood Bank"), its present officers and directors and one former director. Thereafter, First Albany Corporation settled with all defendants and withdrew from the lawsuit.

A series of stipulations and conferences followed. Mitchell, as the sole remaining plaintiff, finally served his Amended Complaint on September 23, 1992, therein setting forth five causes of action alleging various securities and common law violations. By stipulation dated October 8, 1992, plaintiff and defendant Greenwood Bank, and its directors and officers, by and through their attorneys, agreed that defendants would

have until December 16, 1992 to answer or otherwise plead to the Amended Complaint.

On December 17, 1992, the Federal Deposit Insurance Corporation ("FDIC") submitted a "Verified Application For Substitution Of Party Defendant And Application For Stay." This court granted that application on December 19, 1992, effectively staying the instant action and substituting the FDIC as receiver for Greenwood Bank.

Plaintiff, by his attorneys, Fritzsch & Nagel, has now duly moved for an Order for a default judgment pursuant to Federal Rule of Civil Procedure 54. Plaintiff asserts that defendants are in default as a result of their failure to answer or plead by December 16, 1992 and, impliedly, that the action is no longer stayed pursuant to the court's December 19, 1992 order ("Order").

For the reasons that follow, the stay is no longer in effect. Nevertheless, the court denies plaintiff's motion for a default judgment and directs defendants to answer the Amended Complaint.

## II. DISCUSSION

The applicable provisions of the December 19, 1992 Order which effectively stayed the instant action [1] are as follows:

ORDERED, that this action in which the FDIC, Receiver for Greenwood Bank, is a party defendant be stayed as follows:

(a) up to an including such period which during which claims against the Bank and/or FDIC as Receiver thereof may be filed with the FDIC pursuant to 12 U.S.C. Section 1821(d)(3);

. . . . .

(c) in the event that such a claim is filed, this action shall be further stayed until *both* the time for the determination of such claims by the FDIC pursuant to 12 U.S.C. Section 1821(d)(5)(A) has expired, *and* the claimant has filed with this Court an affidavit, setting forth the following: (1) that a

---

1. The FDIC was entitled to the initial stay in this action pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. 101–73 ["FIRREA"]. The legislative history of FIRREA indicates that the 90-day stay provision was enacted to allow the FDIC receiver "breathing room" immediately upon appoint-

ment. H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 331 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 127 ("The appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze pending matters and determine how best to proceed.").

claim was duly filed with the FDIC, giving the date of filing thereof, and attaching a copy of such claim; (2) either (a) that the claim was disallowed by the FDIC, giving the date of such denial, and attaching a copy of such denial, or (b) that the claim was not acted on by the FDIC within 180 days of the filing thereof; (3) that such affidavit is filed within 60 days of the earlier of (a) the disallowance of such claim or (b) the expiration of 180 days from the filing thereof; and (4) that by filing of such affidavit, the claimant intends to continue such action previously filed.

(emphasis added).

Because the period of time described in subparagraph (a) has expired and plaintiff has satisfied the requirements of subparagraph (c), the court finds that the action is no longer stayed.

### A. *Stay Pursuant to Subparagraph (a).*

Subsection (a) of the Order simply provides that the action shall be stayed for that period of time during which claims may be filed with the FDIC pursuant to 12 U.S.C. § 1821(d)(3).[2]

Plaintiff argues that the period of time for filing claims with the FDIC expired on February 9, 1993. Pltf. Letter Brief 07/02/93. The FDIC, on the other hand, argues that the time to file claims expired on June 15, 1993. FDIC Letter Brief 07/08/93. The court finds that the dispute is immaterial to the instant motion.

Whether the time to file claims under 12 U.S.C. § 1821(d)(3) expired on February 9 or June 15, 1993 is of no moment since the court's inquiry on this motion is simply whether the stay is still in effect pursuant to the court's Order. Because the parties are in agreement that the time referred to in subparagraph (a) has in any event expired, the stay is no longer in effect pursuant to same.

**2.** Section 1821(d)(3) provides, in pertinent part:
(A) The Corporation may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4).
(B) The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall—

Only subparagraph (c) remains to affect the stay.

### B. *Stay Pursuant to Subparagraph (c).*

The language of subparagraph (c) of the Order operates to further stay the instant action in the event that a claim has been filed with the FDIC. There is no dispute that plaintiff timely filed such a claim. However, the stay of subparagraph (c) so operates *only until:* (1) the time to determine claims pursuant to 12 U.S.C. § 1821(d)(5)(A) has expired; and (2) claimant files the appropriate affidavit with the court. Both requirements have been met.

#### 1. Section 1821(d)(5)(A) Period Has Expired

Section 1821(d)(5)(A) provides in pertinent part:

Before the end of the 180–day period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.

12 U.S.C.A. § 1821(d)(5)(A) (West 1989).

Plaintiff's claim, dated December 5, 1992, was filed with the FDIC on December 9, 1992. Therefore, the 180–day period within which the FDIC could *timely* determine plaintiff's claim expired on June 7, 1993. Thus, the action is no longer stayed pursuant to the first prong of subparagraph (c) of the court's Order.

#### 2. Plaintiff Has Filed the Requisite Affidavit

The second prong of subparagraph (c) of the Order provides that the action shall be stayed until such time as the claimant files with the court a "reactivation" affidavit.

(i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after publication of such notice; . . .
12 U.S.C.A. § 1821(d)(3) (West 1989 & Supp. 1993).

Although conceding that plaintiff's claim was in fact denied, counsel for the FDIC states in a conclusory fashion:

> Pursuant to the terms of ... [the] Order dated December 19, 1992, the plaintiff's attorney must follow the statutory requirements in light of this denial. Moreover, the statute and ... [the] Order provide for a sixty day stay after the FDIC denial which means that the matter is stayed until August 15, 1993.

O'Connell Aff. 06/23/93, ¶ 4.

■ The language of both the statute and the court's Order belie this conclusion. Defendants' counsel does not identify, and the court cannot locate, any statutory section or provision of the Order which provides for a sixty day stay after denial of plaintiff's claim. On the contrary, 12 U.S.C. § 1821(d)(6)(B)(ii) provides that a disallowance by the FDIC shall become final only when a claimant fails to "file suit on such a claim (*or continue an action commenced before the appointment of the receiver* ), before the end of the 60–day period described in subparagraph (A) ...". *See* 12 U.S.C.A. § 1821(d)(6)(B)(ii) (emphasis added). This is precisely what plaintiff now correctly seeks to do on this motion.

The FDIC apparently misreads § 1821(d)(6)(B)(ii) and the Order in stating that the statute "further stays this action for sixty days until such time as the plaintiff's attorney files a reactivation affidavit." O'Connell Letter Brief 07/08/93 at 1. The clear language of the statute and the Order do not provide for an additional sixty day stay; rather, they merely mandate that the claimant file the appropriate reactivation affidavit *within 60 days* after the 180–day claim determination period described in § 1821(d)(5)(A)(i) *or* the date of the notice of disallowance of such claim. Failure to so continue an action already filed would result in plaintiff being forever barred from pursu-

ing his rights and remedies with respect to such claim. *See* 12 U.S.C.A. § 1821(d)(6)(A)–(B) (West 1989).

■ As noted, plaintiff's counsel has filed the required activation affidavit necessary to continue the action. As required by subparagraph (c) of the Order, plaintiff's affidavit sets forth that (1) that a claim was duly filed with the FDIC, giving the date of filing thereof, and attaching a copy of such claim; (2) that the claim was not acted on by the FDIC within 180 days of the filing thereof;[3] (3) that such affidavit was filed within 60 days of the expiration of 180 days from the filing thereof;[4] and (4) that by filing of such affidavit, claimant intends to continue such action previously filed. Fritzsch Aff. 06/22/93, ¶¶ 1–4.

In short, the time for determination of claims by the FDIC pursuant to 12 U.S.C. § 1821(d)(5)(A)(i) has expired, and plaintiff's affidavit substantially complies with the requirements of subparagraph (c). Therefore, the action is no longer stayed, and the court declines to extend the stay for an additional period.

### C. *Entry of a Default Judgment is Denied.*

Federal Rule of Civil procedure 55(a) states that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

F.R.Civ.P. 55(a) (Moore 1993).

■ However, pursuant to Rule 55(c) the court is authorized to set aside an entry of default for "good cause shown"; and to set aside a judgment of default, if one has been entered, in accordance with Rule 60(b). *See*

---

3. The FDIC did not notify plaintiff of its disallowance of his claim until June 15, 1993, or eight (8) days *after* the maximum period provided for in 12 U.S.C. § 1821(d)(5)(A).

4. That the affidavit does not *expressly* state that it was filed within 60 days of the expiration of 180 days from the filing of plaintiff's claim is of no

consequence. It is obvious from the face of the affidavit that it meets this requirement (i.e. the 180–day claim determination period commenced on December 9, 1992 and expired on June 7, 1993 and plaintiff filed the reactivation affidavit on June 22, 1993, well within 60 days).

F.R.Civ.P. 55(c) and 60(b). Despite the stricter standard outlined under Rule 60(b),

> courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied. These criteria ... include (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted.

*Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.), *cert. denied*, 499 U.S. 929, 111 S.Ct. 1332, 113 L.Ed.2d 263 (1991) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983)).

Such motions to vacate default judgments are "addressed to the sound discretion of the district judge," *Davis v. Musler*, 713 F.2d at 915, and all doubts should be resolved in favor of a trial on the merits. *Samsung America Inc. v. M/T Ft. Producer*, 1991 WL 39262, 1991 U.S.Dist. LEXIS 3425 (S.D.N.Y. 1991) (citing *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983)). Applying the foregoing standard here, the court determines that the criteria are substantially satisfied such that the court could exercise its discretion to vacate defendants' default.

■ First, it cannot be gainsaid that the defendants have been otherwise diligent throughout the course of the litigation and that they intend to zealously defend this action. O'Connell Aff. ¶¶ 7, 11. Furthermore, plaintiff's counsel cannot now seriously contend that defendants' failure to *answer* the Amended Complaint was willful, especially in light of plaintiff's counsel's contention that his own failure to *serve* the Amended Complaint in a timely manner was itself non-willful.[5] Thus, due to the non-willful nature

of the violation here, the just relief is of the denial of the motion for a default judgment.[6]

■ Secondly, although the litigation is still in its larval stage, and the court is therefore unable to assess the merit of defendants' potential defenses, the court is nonetheless satisfied that defendants will raise *colorable* defenses in response to plaintiff's Amended Complaint. Moreover, a party seeking to vacate a default judgment "need not conclusively establish the validity of the defenses asserted." *Davis v. Musler*, 713 F.2d at 916.

Finally, the court can perceive no prejudice to plaintiff if defendants are granted relief from their technical default. Plaintiff has made no suggestion of potential prejudice that will flow from a vacatur, and indeed, the court finds that the one-day delay prior to the FDIC's appointment as receiver will have little, if any, effect on plaintiff's ability to otherwise pursue his claims. *Id.* (citations omitted) (it is settled that "delay alone is not a sufficient basis for establishing prejudice.").

In short, the court favors an adjudication on the merits.

### III. CONCLUSION

Based on the foregoing, it is clear that even if the court were to order the entry of a default judgment in plaintiff's favor, the court would vacate that default upon defendants' inevitable motion for vacatur. Thus, it is hereby

**ORDERED, ADJUDGED and DE-CREED,** that the instant action is no longer stayed pursuant to 12 U.S.C. § 1821 *et seq.*, or the court's Order dated December 19, 1992; and it is further

---

**5.** At a status conference held on April 15, 1992, it was agreed between the parties that plaintiff would file his Amended Complaint by May 31, 1992. Defendants thereafter stipulated to extend the time within which to file the Amended Complaint until June 29, 1992. Stip. 06/19/93. When no Amended Complaint was forthcoming, defendants moved on July 22, 1992 to dismiss the action with prejudice. Ironically, plaintiff's counsel argued in opposition to the motion that "based on the non-willful nature of the violation

here, the just relief is of the denial of the motion to dismiss." Fritzsch Mem. of Law 09/29/92.

**6.** Even if defense counsel's conduct could be considered willful, the court may still use its discretion to vacate a default judgment after considering the existence of a meritorious defense and possible prejudice against the non-defaulting party. *Tecnart Industria E Comercio Ltda. v. Nova Fastners Co.*, 107 F.R.D. 283, 285 (E.D.N.Y. 1985).

**ORDERED,** that plaintiff's motion for a default judgment is denied; and it is further

**ORDERED,** that all defendants shall answer or otherwise move with respect to the Amended Complaint on or before September 3, 1993, or otherwise be held in default.

**IT IS SO ORDERED.**